FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS 25  P 5: 03

U.S. DISTRICT COURT    *CIVIL ACTION*
DISTRICT OF MASS.

MARY GOMES, GUARDIAN OF THE
ESTATE OF RICHARD P. GOMES; and
MARY GOMES, INDIVIDUALLY,
            *Plaintiffs,*

vs.

THE CITY OF BROCKTON; THE TRIAL
COURT OF THE COMMONWEALTH OF
MASSACHUSETTS; JESSE DRANE; and ONE
OR MORE UNKNOWN NAMED OFFICERS
OF THE BROCKTON POLICE
DEPARTMENT,
            *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**04   11464 MLW**

MAGISTRATE JUDGE Alexander

Docket No. _____

RECEIPT # 56923
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. T.O.M
DATE 6/28/04

---

**COMPLAINT**
**and Jury Demand**

---

### Introduction

1.  This is an action for damages brought pursuant to section one of the Ku Klux Act of

April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983, seeking redress

for violation, under color of law, of rights guaranteed the plaintiffs under the federal constitution

and federal law, Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-34,

and section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  Plaintiffs also assert supplemental or

ancillary state law claims.

## Jurisdiction and Venue

2.  Jurisdiction is conferred by the general federal question jurisdiction statute, 28 U.S.C. § 1331, as amended by the Federal Question Jurisdictional Amendments Act of 1980, Pub. L. 96-486, Sec. 2(a), Dec. 1, 1980, 94 Stat. 2369 as this action is brought under, and in vindication of, federal law.  Specifically, by this action plaintiffs seek to vindicate and seek remedy for deprivation of rights granted under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the anti-discrimination laws of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.  With respect to state law claims made herein  - whether common law, statutory or constitutional - jurisdiction is conferred by 28 U.S.C. § 1367(a), as added by the Judicial Improvements Act of 1990, Pub. L. 101-650, title III, Sec. 310(a), Dec. 1, 1990, 104 Stat. 5113.

3.  Venue is properly laid in the District of Massachusetts under 28 U.S.C. § 1391(b) because – upon information and belief - all the defendants reside in the same State and one or all of the defendants reside in this district.

## Parties

### Plaintiffs

4.  Plaintiff Richard Gomes ("Richard") is an individual residing in the City of Brockton, Massachusetts, and brings this action by his duly appointed legal guardian, his mother Mary Gomes (Plymouth County Probate and Family Court, Docket No. 01P1541-GI1).

5.  Plaintiff Mary Gomes ("Mary") is an individual residing in the City of Brockton, Massachusetts, and is the legal guardian of her son Richard, by appointment of the Plymouth County Probate and Family Court, Docket No. 01P1541-GI1.

<u>Defendants</u>

6.  Defendant the City of Brockton ("Brockton") is a municipal corporation chartered and existing under the laws and constitution of the Commonwealth of Massachusetts.

7.  Defendant the Trial Court of the Commonwealth of Massachusetts ("Massachusetts") is the State agency in this district responsible for physical safety and medical needs of arrestees pretrial detainees appearing before Massachusetts trial courts upon complaint(s) and/or indictment(s) accusing such arrestees detainees of violation of Massachusetts penal law.

8.  Defendant Jesse Drane ("Drane") was at all times relevant hereto an employee and officer of the Brockton Police Department, a state actor of the Commonwealth of Massachusetts and a person action under the color of the laws of the Commonwealth of Massachusetts.

9.  Defendant(s) One or More Unknown Named Officers of the Brockton Police Department ("unknown Brockton officers") were at all time relevant hereto employees and officers of the Brockton Police Department ("BPD"), state actors of the Commonwealth of Massachusetts, and persons acting under color of the laws of the Commonwealth of Massachusetts.

**Factual Allegations**

10. On or about June 25, 2001, defendant Drane made a warrantless arrest of plaintiff Richard outside of the C.V.S. Pharmacy on S. Main Street, Brockton, MA, and took him into custody for the misdemeanor offense of shoplifting or attempted shoplifting.

11. At the time of his arrest, Richard suffered from the serious medical condition described as Type 1 Diabetes (insulin dependant diabetes) requiring regular monitoring of his blood glucose levels, monitoring and regulation of his diet, and parenteral administration of pharmaceutical insulin to prevent complications and risks commonly associated with such medical condition including diabetic shock, coma and death.

12. Drane transported Richard to the BPD stationhouse wherein is located Brockton's municipal lock-up facility, wherein he was held in solitary confinement, in a steel bar, steel wall and plexi-glass enclosed cell, for some fifteen (15) hours pending his transportation for arraignment or recognizance before a Justice of the Brockton Division of the District Court Department of the Massachusetts Trial Court.

13. During his confinement at the BPD stationhouse / Brockton's municipal lock-up facility, Drane and unknown Brockton officers were told by Richard, Mary and by other persons familiar with Richard and his medical condition, that Richard suffered from insulin dependent diabetes.

14. On or about June 26, 2001 at approximately 8:30 a.m., Richard was transported by Drane and/or unknown Brockton officers from he BPD stationhouse / Brockton's municipal lock-up facility, to the Brockton Division of the District Court Department of the Massachusetts Trial Court and was there delivered into the custody of State Court officers.

15. On or about June 26, 2001, at approximately 10:30 a.m., while in the custody of unknown Court officers – and while having been deprived for more than 15 hours of the personal freedom to attend himself to his medical needs – and appearing before the Justices of the Brockton Division of the District Court Department of the State Court for arraignment or recognizance, plaintiff Richard physically collapsed and lapsed into an unconscious and unresponsive mental state.

16. Plaintiff Richard was subsequently transported to the Brockton Hospital, where he was diagnosed as having suffered a diabetic seizure resulting in coma.

17. Richard's coma lasted from approximately June 26, 2001 till July 6, 2001.

18. Richard was subsequently diagnosed as having suffered permanent and irreparable anoxic brain injury as a result of the diabetic seizure and subsequent coma that commenced June 26,

2001, with resultant mental illness symptoms of hallucinations, paranoia, and behavior control, and requiring extensive hospitalizations including placement in twenty-four hour four point restraints and treatment with anti-psychotic medications. Richard currently requires adult supervision to guard his health and physical safety and is the ward of his mother, Mary.

## COUNT I

*Equitable Relief and Compensatory Damages:* 14th Amendment Due Process Violation
(42 U.S.C. § 1983: Richard vs. Brockton)

19. Plaintiff Richard incorporates by reference herein this Count I the averments set forth in paragraphs "1" through "18," *supra*.

20. The defendant, Brockton, at all times relevant hereto, promulgated or acquiesced in a policy, practice or custom, having the force of law or existing "under color of law" within the meaning of section one of the Ku Klux Act of April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983, that both amounted to deliberate indifference and contributed to the deliberate indifference of its police officers, toward the medical needs of diabetics in the custody of such Brockton officers as arrestees or as pretrial detainees.

21. As a result of the policy, practice or custom of the Brockton, under color of law, as alleged herein, the plaintiff Richard was deprived of his right to adequate medical care as an arrestee or pretrial detainee guaranteed him by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, and as a direct and proximate result of such deprivation, suffered severe physical injury with concomitant pain and suffering, permanent loss of mental faculties, permanent and substantial invasion of his dignity and the autonomy of his person, and emotional distress with persistent psychological symptoms.

<u>Prayer for Relief</u>

WHEREFORE, the plaintiff Richard demands judgment against Brockton, and for the following relief:

(a)    that this Court provide permanent injunctive relief on behalf of Richard and all those similarly situated requiring Brockton to promulgate policies and guidelines that direct and require that adequate medical care under the Due Process Clause of the Fourteenth Amendment be provided for diabetics generally, and for Type 1 diabetics particularly, by those Brockton officers having custody of arrestees and pretrial detainees;

(b)    compensatory damages, in a sum sufficient to make whole the plaintiff Richard;

(c)    attorneys fees, pursuant to 42 U.S.C. § 1988; and

(d)    taxable costs, including expert witness fees;

(e)    pre-judgment and post-judgment interest.

## COUNT II
*Equitable Relief and Compensatory Damages:* A.D.A.
(42 U.S.C. §12133: Richard <u>vs</u>. Brockton)

22. Plaintiff Richard incorporates by reference herein this Count II the averments set forth in paragraphs "1" through "18," and in the preceding Count of this Complaint.

23. Title II of the Americans with Disabilities Act of 1990 ("Title II") includes an enforcement provision, 42 U.S.C. § 12133, which incorporates by reference §505 of the Rehabilitation Act of 1973, 92 Stat. 2982, as added, 29 U.S.C. §794a, authorizing private citizens to bring suits for money damages against public entities.

24. Plaintiff Richard is, and was at all times relevant to this Complaint, a "qualified individual with a disability" under Title II, such disability being Type 1 (insulin dependant) diabetes.

25. Defendant Brockton is, and was at all times relevant to this Complaint, a "public entity" under Title II.

26. On or about June 25, 2001, and on subsequent dates, the plaintiff Richard by reason of his disability, was excluded from participation in or denied the benefits of the services, programs, or activities of the BPD stationhouse / municipal lock-up facility, and was subjected to discrimination on account of such disability while detained at said facility by members / agents of the BPD.  Specifically, by reason of his disability as an insulin dependant diabetic requiring parenteral administration of pharmaceutical insulin, glucose and dietary monitoring, Richard was denied his right to adequate medical treatment as an arrestee / pre-trial detainee, which is guaranteed by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, all in violation of Title II's prohibition as set forth in 42 U.S.C. § 12132.

<u>Prayer for Relief</u>

WHEREFORE, the plaintiff Richard demands judgment against Brockton, and for the following relief:

     (a)     that this Court provide permanent injunctive relief on behalf of Richard and all those similarly situated requiring Brockton to promulgate policies and guidelines that direct and require that adequate medical care under the Due Process Clause of the Fourteenth Amendment be provided for diabetics generally, and for Type 1 diabetics particularly, by those Brockton officers having custody of arrestees and pretrial detainees;

(b)    compensatory damages, in a sum sufficient to make whole the plaintiff Richard;

(c)    attorneys fees; and

(d)    taxable costs, including expert witness fees;

(e)    pre-judgment and post-judgment interest.

### COUNT III
*Equitable Relief and Compensatory Damages:* Rehabilitation Act of 1973
(29 U.S.C. §794a: Richard vs. Brockton)

27.  Plaintiff Richard incorporates by reference herein this Count III the averments set forth in paragraphs "1" through "18," and in the preceding Counts of this Complaint.

28.  Section 505 of the Rehabilitation Act of 1973, 92 Stat. 2982, as added, 29 U.S.C. §794a, authorizes private citizens to bring suits for money damages.

29.  Plaintiff Richard is, and was at all times relevant to this Complaint, a "qualified individual with a disability" under the Rehabilitation Act of 1973, 29 U.S.C. § 705(20), such disability being Type 1 (insulin dependant) diabetes.

30.  Defendant Brockton is, and was at all times relevant to this Complaint, a "recipient of public assistance" under the Rehabilitation Act of 1973. 29 U.S.C. §§ 794 & 794a(b).

31.  On or about June 25, 2001, and on subsequent dates, the plaintiff Richard by reason of his disability, was excluded from participation in or denied the benefits of the services, programs, or activities of the BPD stationhouse / municipal lock-up facility, and was subjected to discrimination on account of such disability while detained at said facility by members / agents of the BPD.  Specifically, by reason of his disability as an insulin dependant diabetic requiring parenteral administration of pharmaceutical insulin, glucose and dietary monitoring, Richard was denied his right to adequate medical treatment as an arrestee / pre-trial detainee, which is guaranteed by the Due Process Clause of the Fourteenth Amendment to the Constitution of the

United States, and his right to be free from arbitrary and irrational discrimination on account of his disability.

Prayer for Relief

WHEREFORE, the plaintiff Richard demands judgment against Brockton, and for the following relief:

    (a)    that this Court provide permanent injunctive relief on behalf of Richard and all those similarly situated requiring Brockton to promulgate policies and guidelines that direct and require that adequate medical care under the Due Process Clause of the Fourteenth Amendment be provided for diabetics generally, and for Type 1 diabetics particularly, by those Brockton officers having custody of arrestees and pretrial detainees;

    (b)    compensatory damages, in a sum sufficient to make whole the plaintiff Richard;

    (c)    attorneys fees; and

    (d)    taxable costs, including expert witness fees;

    (e)    pre-judgment and post-judgment interest.

**COUNT IV**
*Equitable Relief and Compensatory Damages:* A.D.A.
(42 U.S.C. §12133: Richard vs. Massachusetts)

32. Plaintiff Richard incorporates by reference herein this Count IV the averments set forth in paragraphs "1" through "18," and in the preceding Counts of this Complaint.

33. Title II of the Americans with Disabilities Act of 1990 ("Title II") includes an enforcement provision, 42 U.S.C. § 12133, which incorporates by reference §505 of the Rehabilitation Act of 1973, 92 Stat. 2982, as added, 29 U.S.C. §794a, authorizing private citizens to bring suits for money damages against public entities, and validly abrogating the Eleventh

Amendment immunity of the states for discrimination against qualified individuals with disabilities which discrimination results in deprivation of, or adversely affects, rights, privileges or immunities guaranteed such individuals under the Fourteenth Amendment's due process clause.

34. Plaintiff Richard is, and was at all times relevant to this Complaint, a "qualified individual with a disability" under Title II, such disability being Type 1 (insulin dependant) diabetes.

35. Defendant Massachusetts is, and was at all times relevant to this Complaint, a "public entity" under Title II.

36. On or about June 26, 2001, and on subsequent dates, the plaintiff Richard by reason of his disability, was excluded from participation in or denied the benefits of the services, programs, or activities of the defendant Massachusetts, and was subjected to discrimination. Specifically, by reason of his disability as an insulin dependant diabetic requiring parenteral administration of pharmaceutical insulin, glucose and dietary monitoring, Richard was denied his right to adequate medical treatment as an arrestee / pre-trial detainee in State custody, which right is guaranteed by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, all in violation of Title II's prohibition as set forth in 42 U.S.C. § 12132.

Prayer for Relief

WHEREFORE, the plaintiff Richard demands judgment against Brockton, and for the following relief:

      (a)     that this Court provide permanent injunctive relief on behalf of Richard and all those similarly situated requiring Massachusetts to promulgate policies and guidelines that direct and require that its court officers charged with the custody

of arrestees and pretrial detainees make available medical care that is adequate under the Due Process Clause of the Fourteenth Amendment to the needs of diabetics generally, and the needs of Type 1 diabetics particularly, who are in their custody or placed in their charge;

(b)     compensatory damages, in a sum sufficient to make whole the plaintiff Richard;

(c)     attorneys fees;

(d)     taxable costs, including expert witness fees;

(e)     pre-judgment and post-judgment interest.

## COUNT V

*Equitable Relief and Compensatory Damages:* Rehabilitation Act of 1973
(29 U.S.C. §794a: Richard <u>vs</u>. Massachusetts)

37. Plaintiff Richard incorporates by reference herein this Count IV the averments set forth in paragraphs "1" through "18," and in the preceding Counts of this Complaint.

38. Section 505 of the Rehabilitation Act of 1973, 92 Stat. 2982, as added, 29 U.S.C. §794a, authorizes private citizens to bring suits for money damages.

39. Plaintiff Richard is, and was at all times relevant to this Complaint, a "qualified individual with a disability" under the Rehabilitation Act of 1973, 29 U.S.C. § 705(20), such disability being Type 1 (insulin dependant) diabetes.

40. Defendant Massachusetts is, and was at all times relevant to this Complaint, by and through its agency or entity The Trial Court, and the District Court Department thereof, a "recipient of public assistance" under the Rehabilitation Act of 1973. 29 U.S.C. §§ 794 & 794a(b).

41. On or about June 26, 2001, and on subsequent dates, the plaintiff Richard by reason of his disability, was excluded from participation in or be denied the benefits of the services,

programs, or activities of the lock-up facility of the Brockton Division of the District Court Department of the Massachusetts Trial Court, and was subjected to discrimination by same. Specifically, by reason of his disability as an insulin dependant diabetic requiring parenteral administration of pharmaceutical insulin, blood glucose level and dietary monitoring and regulation, Richard was denied his right to adequate medical treatment as an arrestee / pre-trial detainee, which is guaranteed by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, and his right to be free from arbitrary and irrational discrimination on account of his disability.

Prayer for Relief

WHEREFORE, the plaintiff Richard demands judgment against Brockton, and for the following relief:

(a)    that this Court provide permanent injunctive relief on behalf of Richard and all those similarly situated requiring Brockton to promulgate policies and guidelines that direct and require that adequate medical care under the Due Process Clause of the Fourteenth Amendment be provided for diabetics generally, and for Type 1 diabetics particularly, by those Brockton officers having custody of arrestees and pretrial detainees;

(b)    compensatory damages, in a sum sufficient to make whole the plaintiff Richard;

(c)    attorneys fees; and

(d)    taxable costs, including expert witness fees;

(e)    pre-judgment and post-judgment interest.

## COUNT VI
*Compensatory Damages for Deprivation of Federal Civil Rights*
42 U.S.C. § 1983: Richard vs. Drane

42. Plaintiff Richard incorporates by reference herein this Count VI the averments set forth in paragraphs "1" through "18," and in the preceding Counts of this Complaint.

43. The defendant, Drane, at all times relevant hereto, were acting "under color of law" within the meaning of section one of the Ku Klux Act of April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983.

44. As a result of the acts of the defendant, Drane, under color of law, as alleged herein, and as a result of his deliberate indifference to the known medical needs of the plaintiff Richard, said plaintiff Richard:

    (a) was deprived of rights guaranteed him by the laws and Constitution of the United States, including but not limited to:

        1. his right under the Fourth and Fourteenth Amendments to the Constitution of the United States to be free from unreasonable search and seizure of his person and arrest and detention upon less than probable cause;

        2. his right to be free from punishment without due process of law;

        3. his right to adequate medical care as a pretrial detainee / arrestee under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

    (b) suffered sever physical injury with concomitant pain and suffering, a permanent loss of function of his right arm, medical expenses and lost wages, damage to his reputation, loss of consortium, and emotional distress with persistent psychological symptoms.

COMPLAINT: *Gomes, et al. v. Brockton, et al.*
United States District Court, District of Massachusetts

Prayer for Relief

WHEREFORE, the plaintiff Richard demands judgment, and for the following relief:

(a)    compensatory damages, in a sum sufficient to make whole the plaintiff, Richard;

(b)    attorneys fees, pursuant to 42 U.S.C. § 1988; and

(c)    taxable costs, including expert witness fees;

(d)    pre-judgment and post-judgment interest.

## COUNT VII
*Punitive Damages for Deprivation of Federal Civil Rights*
42 U.S.C. § 1983: Richard vs. Drane

45.  Plaintiff Richard incorporates by reference herein this Count VII the averments set forth in paragraphs "1" through "18," and in the preceding Counts of this Complaint.

46.  The defendants, Drane, in engaging in the conduct alleged herein and in his deliberate indifference to the medical needs of Richard, did so with the subjective purpose of depriving plaintiff Richard of the specific federal civil rights alleged herein, or acted willfully and recklessly, actually knowing or having substantial reason to know, that his action or inaction was likely to result in depriving Richard of said civil rights.

Prayer for Relief

WHEREFORE, the plaintiff Richard demands judgment, and for the following relief:

(a)    An award of punitive damages against the defendant, Drane, to punish him for his
       intentional and/or willful deprivation of Richard's civil rights and to deter him
       from such unlawful conduct in the future;

(b)    an award of pre-judgment and post-judgment interest on such punitive damages
       award.

COMPLAINT: *Gomes, et al. v. Brockton, et al.*
United States District Court, District of Massachusetts

## COUNT VIII
*Compensatory Damages for Deprivation of Federal Civil Rights*
42 U.S.C. § 1983: Richard vs. Unknown Brockton Officers

47.  Plaintiff Richard incorporates by reference herein this Count VIII the averments set forth in paragraphs "1" through "18," and in the preceding Counts of this Complaint.

48.  The defendant(s), unknown Brockton officers, at all times relevant hereto, were acting "under color of law" within the meaning of section one of the Ku Klux Act of April 20, 1871, R. S. 1979, 17 Stat. 13, presently codified at 42 U.S.C. § 1983.

49.  As a result of the acts of the defendant(s), unknown Brockton officers, acting under color of law, as alleged herein, and as a result of their deliberate indifference to the known medical needs of the plaintiff Richard, said plaintiff Richard:

    (a)    was deprived of rights guaranteed him by the laws and Constitution of the United States, including but not limited to:

        1.    his right to be free from punishment without due process of law;

        2.    his right to adequate medical care as a pretrial detainee / arrestee under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

    (b)    suffered sever physical injury with concomitant pain and suffering, a permanent loss of function of his right arm, medical expenses and lost wages, damage to his reputation, loss of consortium, and emotional distress with persistent psychological symptoms.

### Prayer for Relief

WHEREFORE, the plaintiff Richard demands judgment, and for the following relief:

    (a)    compensatory damages, in a sum sufficient to make whole the plaintiff, Richard;

(b)     attorneys fees, pursuant to 42 U.S.C. § 1988; and

(c)     taxable costs, including expert witness fees;

(d)     pre-judgment and post-judgment interest.

## COUNT IX
*Punitive Damages for Deprivation of Federal Civil Rights*
(42 U.S.C. § 1983: Richard <u>vs</u>. Unknown Brockton Officers)

50.  Plaintiff Richard incorporates by reference herein this Count IX the averments set forth in paragraphs "1" through "18," and in the preceding Counts of this Complaint.

51.  The defendant(s), unknown Brockton officers, in engaging in the conduct alleged herein and in their deliberate indifference to the medical needs of Richard, did so with the subjective purpose of depriving plaintiff Richard of the specific federal civil rights alleged herein, or acted willfully and recklessly, actually knowing or having substantial reason to know, that their action or inaction was likely to result in depriving Richard of said civil rights.

### Prayer for Relief

WHEREFORE, the plaintiff Richard demands judgment, and for the following relief:

(a)     An award of punitive damages against the defendants unkown Brockton officers, to punish them for their intentional and/or willful deprivation of Richard's civil rights and to deter them from such unlawful conduct in the future;

(b)     an award of pre-judgment and post-judgment interest on such punitive damages award.

## COUNT X
*Negligence Claim, State Tort Claims Act*
(Mass. Gen. Laws. ch. 258: Richard <u>vs</u>. Brockton)

52.  Plaintiff Richard incorporates by reference herein this Count X the averments set forth in paragraphs "1" through "18," *supra.*

COMPLAINT:  *Gomes, et al. v. Brockton, et al.*
United States District Court, District of Massachusetts

53. The defendant, Brockton, owed the plaintiff, Richard, a duty of care to adequately provide for his medical needs while being held at the BPD stationhouse / municipal lock-up, and to communicate such needs to all those to whom it, by its agents and servants, would transfer custody of the plaintiff.

54. The defendant, Brockton, by its agents and servants, negligently breached the duty of care owed the plaintiff, Richard, by:

    (a)    failing to adequately train and supervise its police officers with respect to their clearly established duties and obligations anent the provision of medical care to arrestees / pretrial detainees generally, and diabetics and insulin dependant diabetics in particular, under the Due Process clause of the Fourteenth Amendment to the United States Constitution;

    (b)    by other negligent acts and omissions of its agents and servants.

55. Plaintiff has complied with all necessary notice and presentment requirements by timely making demand on the appropriate authority under Mass. Gen. Laws chapter 258, the defendant municipality has failed to make a reasonable settlement offer with respect to such demand, and the necessary interval under the statute between the required demand and the commencement of suit has passed.

56. As a result of the negligent acts and omissions of the defendant, Brockton, its agents and servants, the plaintiff Richard has suffered damages.

Prayer for Relief

WHEREFORE, the plaintiff Richard demands judgment for compensatory damages, in a sum sufficient to make whole the plaintiff, Richard, attorney's fees, taxable costs, including expert witness fees, and awards of pre-judgment and post-judgment interest.

## COUNT XI
*Negligence Claim, State Tort Claims Act*
(Mass. Gen. Laws. ch. 258: Richard vs. Massachusetts)

57. Plaintiff Richard incorporates by reference herein this Count XI the averments set forth in paragraphs "1" through "18," *supra*.

58. The defendant, Massachusetts, owed the plaintiff, Richard, a duty of care to adequately provide for his medical needs while he was being held in custody or in the charge of its agents and servants – certain unknown named Court officers of the Brockton Division of the District Court Department of the Trial Court of Massachusetts – which said agents or servants have a duty to investigate the medical needs of arrestees or pretrial detainees to discover the prior diagnosis of serious medical conditions (such as insulin dependant diabetes) which pose grave risk of harm to said arrestees / detainees if left unmonitored, unregulated or untreated.

59. The defendant, Massachusetts, by its agents and servants (unknown Court officers), negligently breached the duty of care owed the plaintiff, Richard, by:

    (a)    failing to adequately train and supervise its police officers with respect to their clearly established duties and obligations anent the provision of medical care to arrestees / pretrial detainees generally, and diabetics and insulin dependant diabetics in particular, under the Due Process clause of the Fourteenth Amendment to the United States Constitution;

    (b)    by other negligent acts and omissions of its agents and servants.

60. Plaintiff has complied with all necessary notice and presentment requirements by timely making demand on the appropriate authority under Mass. Gen. Laws chapter 258, the defendant municipality has failed to make a reasonable settlement offer with respect to such demand, and

the necessary interval under the statute between the required demand and the commencement of suit has passed.

61.  As a result of the negligent acts and omissions of the defendant, Brockton, its agents and servants, the plaintiff Richard has suffered damages.

### Prayer for Relief

WHEREFORE, the plaintiff Richard demands judgment for compensatory damages, in a sum sufficient to make whole the plaintiff, Richard, attorney's fees, taxable costs, including expert witness fees, and awards of pre-judgment and post-judgment interest.

### COUNT XII
*Consequential Damages and Loss of Parental Consortium*
Mass. Gen. Laws, c. 231, § 85X.
(Mary vs. All Defendants)

62.  Plaintiff Mary incorporates by reference herein this Count XII the averments set forth in paragraphs "1" through "61," *supra.*

63.  As a direct, proximate and foreseeable consequence of the tortuous acts and omissions of the defendants, the plaintiff Mary has been required to assume the burden of caring for and maintaining an adult disabled child, and she has suffered the loss of consortium of said child, Richard, due to the change of his personality and other features of his identify and his emotional absence and isolation from her caused by the physical and psychiatric injuries that were directly and proximately caused by the above-complained of acts and omissions of these defendants.

### Prayer for Relief

WHEREFORE, the plaintiff Mary demands judgment for compensatory damages, in a sum sufficient to make whole the plaintiff, Mary, attorney's fees, taxable costs, including expert witness fees, and awards of pre-judgment and post-judgment interest.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the plaintiffs demand trial by jury on all claims subject to trial by jury pursuant to the right preserved by the Seventh Amendment to the Constitution of the United States.

Respectfully submitted
MARY GOMES, GUARDIAN, and
MARY GOMES, INDIVIDUALLY
By their attorney:

_____ / S /_____
Frederick M. McDermott, III, Esq.
95 West Elm Street
Brockton, MA  02301
Tel. (508) 897-8990
     MA BBO#:    *558208*

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Mary Gomes, Guardian
& Mary Gomes, INDIVIDUALLY

**DEFENDANTS**

THE CITY OF BROCKTON;
THE TRIAL COURT OF MASSACHUSETTS;
JESSE DRANE; AND UNKNOWN NAMED
OFFICERS OF THE BROCKTON POLICE DEPT

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Frederick M. McDermott, III
95 W. Elm St.
Brockton, MA 02301   (508) 897-8890

ATTORNEYS (IF KNOWN)

04   11464 MLW

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | | or Defendant) | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS — Third Party | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | State Statutes |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. 1983; 42 U.S.C. 12132; 29 U.S.C. 794a; Plaintiff, ward, while in custody of
defendants suffered diabetic shock resulting in coma and brain injury

**VII. REQUESTED IN
COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ [blacked out]

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE   June 25, 2004

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) *Gomes vs. Brockton*

_____

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____ *NONE* _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?                                                          YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)                          YES        (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                   YES         NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?                                                  YES        (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).                    (YES)        NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       (EASTERN DIVISION)          CENTRAL DIVISION          WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
       GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION            CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  *Frederick M. McDermott, III*
ADDRESS  *95 W. Elm St. Brockton, MA 02301*
TELEPHONE NO.  *(508) 897-8980*

(Cover sheet local.wpd - 11/27/00)