UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. No. 04-11464 MLW

MARY GOMES, GUARDIAN OF THE )
ESTATE OF RICHARD P. GOMES and )
MARY GOMES, INDIVIDUALLY, )
)
Plaintiff, )
)
v. )
)
THE CITY OF BROCKTON; THE TRIAL )
COURT OF THE COMMONWEALTH OF )
MASSACHUSETTS; JESSE DRANE; and )
ONE OR MORE UNKNOWN NAMED )
OFFICERS OF THE BROCKTON POLICE )
DEPARTMENT, )
)
Defendants. )

## ANSWER OF THE TRIAL COURT OF THE COMMONWEALTH

The Defendant, Trial Court of the Commonwealth of Massachusetts ("Trial Court") answers plaintiffs' complaint as follows.

1-3.   These paragraphs constitute introductory legal assertions and require no responsive pleading.

4-6.   The Trial Court is without sufficient information to admit or deny the allegations in these paragraphs.

7.   The Trial Court admits that it is an agency of the Commonwealth of Massachusetts. The remaining allegations asserting "responsibility" constitute conclusions of law and require no responsive pleading.

8-13.   The Trial Court is without sufficient information to admit or deny the allegations in these paragraphs.

14-15   The Trial Court denies the allegations contained in these paragraphs.

16-18.   The Trial Court is without sufficient information to admit or deny the allegations in these paragraphs.

19-31   The allegations contained in these paragraph are not addressed to the Trial Court.

1

Accordingly, no responsive pleading by the Trial Court is required.
  32.  The Trial Court incorporates by reference its response to paragraphs 1-18.
  33-35. The allegations contained in these paragraphs constitute conclusions of law and require no responsive pleading.
  36.  Denied.
  37.  The Trial Court incorporates by reference its response to paragraphs 1-18.
  38,40. The allegations contained in these paragraphs constitute conclusions of law and require no responsive pleading.
  39.  To the extent that the allegations constitute a conclusion of law, no responsive pleading is required. To the extent facts are alleged, the Trial Court is without sufficient information to admit or deny the allegations.
  41.  Denied.
  42-56 The allegations contained in these paragraphs are not addressed to the Trial Court. Accordingly, no responsive pleading by the Trial Court is required.
  57.  The Trial Court incorporates by reference its response to paragraphs 1-18.
  58.  The allegations contained in this paragraph constitute conclusions of law and require no responsive pleading.
  59.  Denied.
  60.  The Trial Court admits that it received a letter dated December 26, 2001 from attorney John F. Doherty ("the Letter") and that no settlement offer was made with respect to the letter. The remaining allegations constitute conclusions of law which require no responsive pleading.
  61.  The allegations contained in this paragraph are not addressed to the Trial Court. Accordingly, no responsive pleading by the Trial Court is required. To the extent the reference should have been to the Trial Court, it is denied.
  62.  The Trial Court incorporates by reference its response to paragraphs 1-61.
  63.  To the extent the allegations contained in this paragraph address the Trial Court, they are denied. In all other respects, the Trial Court is without sufficient information to admit or deny the allegations.

## Affirmative Defenses

  1.  Plaintiffs' claims under the ADA and Rehabilitation Act against the Trial Court fails to state a claim upon which relief may be granted.

  2.  Plaintiffs' claim for damages under the ADA against the Trial Court is barred by the Eleventh Amendment of the United States Constitution and sovereign immunity.

  3.  The Court lacks subject matter jurisdiction over the tort claims against the Trial Court because of the Eleventh Amendment of the United States Constitution and sovereign immunity.

  4.  Any tort claims against the Trial Court not presented in the Letter including but

not limited not to a claim for consortium are barred by Mass. G.L. c. 258, § 4.

    5.    Plaintiffs' claims against the Trial Court may be barred by the statute of limitations.

Trial Court of the Commonwealth of Massachusetts
By its Attorney

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Jason Barshak
Jason B. Barshak, BBO # 564040
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Rm. 1813
Boston, MA 02108
(617) 727-2200, Ext. 3316

Date: November 1, 2004

## CERTIFICATE OF SERVICE

I, Jason B. Barshak, Assistant Attorney General, hereby certify that I have this day, 11/1/04 served the foregoing **document**, upon the following, by mailing a copy, first class, postage prepaid to:

Frederick M. McDermott, III, Esq.
95 West Elm St.
Brockton, MA 02301

John A Walsh
Wynn & Wynn, P.C.
90 New State Highway
Raynham MA 02767

Joseph L Tehan Jr
Kopelman and Paige, P.C.
Park Square Building
31 St. James Ave., 7th Fl
Boston MA 02116

/s/ Jason Barshak
Jason B. Barshak
Assistant Attorney General