UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11464-MLW

MARY GOMES, GUARDIAN OF THE ESTATE OF RICHARD P. GOMES, and MARY GOMES, INDIVIDUALLY,

    Plaintiffs

v.

THE CITY OF BROCKTON, THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, JESSE DRANE, and ONE OR MORE UNKNOWN NAMED OFFICERS OF THE BROCKTON POLICE DEPARTMENT,

    Defendants

AMENDED ANSWER OF DEFENDANT JESSE DRANE TO PLAINTIFF'S COMPLAINT

## INTRODUCTION

1. Denied.

## JURISDICTION AND VENUE

2. The allegations set forth in Paragraph 2 comprise contentions as to matters of law not requiring a response by the defendant. To the extent a response is required, said allegations are denied.

3. The allegations set forth in Paragraph 3 comprise contentions as to matters of law not requiring a response by the defendant. To the extent a response is required, said allegations are admitted.

## PARTIES

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.

## DEFENDANTS

6. Admitted.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.

8. The defendant admits that at all relevant times, he was a Brockton police officer. The remaining allegations set forth in Paragraph 8 comprise contentions as to matters of law not requiring a response by the defendant.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

## FACTUAL ALLEGATIONS

10. Admitted. Further answering, the defendant states that plaintiff was also arrested for providing false identifying information to a police officer, and upon outstanding warrants.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.

12. The defendant admits that he transported plaintiff to the Brockton police station for booking. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17.

18.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18.

## COUNT I
(Equitable Relief and Compensatory Damages: 14th Amendment
Due Process Violation [42 U.S.C., § 1983; Richard v. Brockton])

19-21.  The allegations set forth in Count I do not pertain to this defendant.

## COUNT II
(Equitable Relief and Compensatory Damages: ADA
[42 U.S.C., § 12133; Richard v. Brockton])

22-26.  The allegations set forth in Count II do not pertain to this defendant.

## COUNT III
(Equitable Relief and Compensatory Damages: Rehabilitation Act of 1973
[29 U.S.C., § 7949; Richard v. Brockton])

27-31.  The allegations set forth in Count III do not pertain to this defendant.

## COUNT IV
(Equitable Relief and Compensatory Damages:  ADA
[42 U.S.C., § 12133; Richard v. Massachusetts])

32-36.  The allegations set forth in Count IV doe not pertain to this defendant.

## COUNT V
(Equitable Relief and Compensatory Damages:  Rehabilitation Act of 1973
[29 U.S.C., § 7949; Richard v. Massachusetts])

37-41.  The allegations set forth in Count V do not pertain to this defendant.

## COUNT VI
(Compensatory Damages for Deprivation of Federal Civil Rights
[42 U.S.C., § 1983; Richard v. Drane])

42.     The defendants restates and incorporates by reference his responses to Paragraphs 1-18.

43.     The allegations set forth in Paragraph 43 comprise contentions as to matters of law not requiring a response by the defendant.

44. Denied.

## COUNT VII
(Punitive Damages for Deprivation of Federal Civil Rights
[42 U.S.C., § 1983; Richard v. Drane])

45. The defendant restates and incorporates by reference his responses to Paragraphs 1-18.

46. Denied.

## COUNT VIII
(Compensatory Damages for Deprivation of Federal Civil Rights
[42 U.S.C., § 1983; Richard v. Unknown Brockton Officers])

47-49. The allegations set forth in Count VIII do not pertain to this defendant.

## COUNT IX
(Punitive Damages for Deprivation of Federal Civil Rights
[42 U.S.C., § 1983; Richard v. Unknown Brockton Officers])

50-51. The allegations set forth in Count IX do not pertain to this defendant.

## COUNT X
(Negligence Claim; State Tort Claims Act
[Mass.Gen. Laws, ch. 258; Richard v. Brockton])

52-56. The allegations set forth in count X do not pertain to this defendant.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint should be dismissed for failure to comply with the statute of limitations.

### THIRD DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted because they have failed to allege that the defendant's conduct deprived them of a federal constitutional right.

### FOURTH DEFENSE

The claims arising out of the subject matter of the transaction and occurrences alleged are barred as the defendant was carrying out law enforcement functions in good faith.

### FIFTH DEFENSE

The actions and conduct of the defendant, to the extent they occurred as alleged, were undertaken in the good faith performance of his official duties without malice and were therefore privileged under applicable law.

### SIXTH DEFENSE

Any injury or damages suffered by the plaintiffs, to the extent actually incurred, were caused by reason of the plaintiffs' own wrongful acts, reckless misconduct or negligence.

### SEVENTH DEFENSE

Plaintiffs' action is barred on the basis that plaintiffs have an adequate state remedy.

### EIGHTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against the defendant.

### NINTH DEFENSE

The defendant states that this action consists of a claim based upon the performance or failure to perform a discretionary function or duty on the part of a public employee acting within the scope of his office or employment, and, therefore, the plaintiff cannot recover in this action.

### TENTH DEFENSE

The defendant's actions, to the extent they occurred as alleged, are immune from suit as they were discretionary functions.

### ELEVENTH DEFENSE

The actions and conduct of the defendant, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which he was aware, and he enjoys a qualified immunity from suit and all liability arising therefrom.

### TWELFTH DEFENSE

The actions and conduct of the defendant, to the extent they occurred as alleged, did not violate any clearly established constitutional or statutory rights of which he reasonably should have been aware and he is therefore entitled to qualified immunity.

### THIRTEENTH DEFENSE

The Complaint fails to state a claim for individual capacity liability.

### FOURTEENTH DEFENSE

The Complaint fails to state a claim for which relief can be granted in that plaintiffs have failed to allege any facts from which malice can be inferred.

### FIFTEENTH DEFENSE

The Complaint fails to state a claim for which relief can be granted in that plaintiffs have failed to plead any actual damages.

### SIXTEENTH DEFENSE

At all relevant times, the defendant possessed the requisite reasonable suspicion and/or probable cause to act as alleged in the Complaint.

### SEVENTEENTH DEFENSE

The defendant denies that his conduct, as alleged in the Complaint was extreme, outrageous or intolerable in a civilized society.

### EIGHTEENTH DEFENSE

The defendant is entitled to absolute immunity.

### NINETEENTH DEFENSE

The defendant is immune from suit pursuant to G.L.c. 258.

## TWENTIETH DEFENSE

The defendant denies deliberate indifference to serious medical needs of the plaintiff.

## TWENTY-FIRST DEFENSE

The action filed by the plaintiffs is frivolous, wholly unsubstantial and not advanced in good faith, entitling the defendant to recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

## JURY CLAIM

The defendant respectfully demands a trial by jury.

DEFENDANT,

JESSE DRANE,

By his attorney,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO# 494020)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

236060/METG/0588