UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C. A. No. 04-11464 MLW

|  |  |
|---|---|
| MARY GOMES, GUARDIAN OF THE ESTATE OF RICHARD P. GOMES and MARY GOMES, INDIVIDUALLY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE CITY OF BROCKTON; THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS; JESSE DRANE; and ONE OR MORE UNKNOWN NAMED OFFICERS OF THE BROCKTON POLICE DEPARTMENT, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**DISCLOSURE BY THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS PURSUANT TO FED. R. CIV. P. 26(a)(1)**

**And**

**DISCLOSURE BY THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS PURSUANT TO LOCAL RULE 26.1(B)(2)**

**A.   Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)**

The defendant, Trial Court of the Commonwealth of Massachusetts ("Commonwealth"), pursuant to Fed. R. Civ. P. 26(a)(1) submits the following that may be responsive to this rule.

   I.   **Disclosure Pursuant to Rule 26(a)(1)(A)**

   1-2.   Brockton Trial Court Officers Bernard Goodman & Mike Fencer.  Each c/o Brockton Trial Court 215 Main Street, P.O. Box 7610 Brockton, MA 02303-7610.

3. Brockton Trial Court Officer John Santosuosso. C/o Brockton Trial Court.

4-5. Brockton Police Officers Chuck Cassiani & Sergeant Leary. Each c/o Brockton Police Department 7 Commercial Street Brockton, MA 02301.

6. Honorable David G. Nagle, Jr., c/o Brockton Trial Court
[Judge presiding over underlying criminal matter]

7. James Hassan, Esq. 157 Belmont Street, Brockton, MA
[believed to be assigned to represent Gomes in part of underlying criminal matter]

8. Larry Novak, Esq. 235 Candy Lane, Brockton, MA
[believed to be assigned to represent Gomes in part of underlying criminal matter]

9. Various keeper of the records:
Brockton Hospital; Lemuel Shattuck Hospital; Massachusetts General Hospital; Greenery Rehabilitation & Skilled Nursing Center; Brockton Fire Department and/or Brockton Police Department.

It is expected that testimony by some/all of persons (nos. 1-3) would include but not be limited to discussing court policy regarding emergency incidents and reporting of incidents.

It is expected that testimony by some/all of persons (nos. 1-2) would also include conversation(s) with Brockton Police Department in which the Police Department confirmed that Richard Gomes was transported by the Brockton Police directly to the hospital and was not transported to the Brockton Trial Court.

It is expected that testimony by some/all of persons (nos. 4-5) would include but not be limited to discussing conversation(s) with Brockton Trial Court confirming that Gomes was transported by the Brockton Police directly to the hospital and was not transported to the Brockton Trial Court.

It is the expected that testimony by some/all of persons (nos. 6-8) would include but not be limited to whether Gomes was present at the proceedings of his criminal case at the Brockton Trial Court and may further establish that Gomes was not transported to the Trial Court.

Record keeping testimony may be necessary by some or all of the various record keepers listed collectively as number 9.

The Commonwealth reserves the right to supplement this list upon further information.

II.  **Disclosure Pursuant to Rule 26(a)(1)(B)**[1]

1. Session Tape. Case of Richard Gomes. May include other criminal cases. If so, would need to be redacted or subject to court confidentiality order to protect privacy rights.

2-3. Lockup List of Brockton Trial Court dated 6-26-01 and Lockup List of Brockton Trial Court dated 6-27-01. Need to be redacted or subject to court confidentiality order to protect privacy rights.

4. Record of Criminal Case: 0115 CR 005170 (Trial Court). Case of Richard Gomes.

5. Security Department Incident Report dated 6-26-01 of Trial Court (Brockton). Does not involve Richard Gomes. Needs to be redacted or subject to court confidentiality order to protect privacy rights.

6. Court Officer Manual including but not limited to Chapter 9 ("Emergency Procedures").

7. Documents listed in any previously filed 26(a)(1) disclosures (e.g. City of Brockton).

The Commonwealth reserves the right to supplement this list upon further information.

III.  **Disclosure Pursuant to Rule 26(a)(1)(C)**

Not applicable. The Commonwealth is not seeking damages.

IV.  **Disclosure Pursuant to Rule 26(a)(1)(D)**

Not applicable. The Commonwealth is self-insured.

B.  **Disclosure Pursuant to Local Rule 26.1(B)(2)**

The Commonwealth pursuant to Local Rule 26.1(B)(2) through the sworn statement of its counsel signing below submits the following that may be responsive to this rule.

---

[1] Copy of no.1 and no. 6 are located at the Trial Court while a copy of nos. 2-5 are located at Office of the Attorney General.

**26.1(B)(2)(a)**  The Trial Court presently is unaware of who, if anyone, witnessed the transaction or occurrence giving rise to the claim. For persons who may have discoverable information about claims or defenses, please see the above disclosure pursuant to Fed. R. Civ. P. 26(a)(1)(A).

**26.1(B)(2)(b)**  While the Trial Court does not have statements, please refer to the telephone conversation(s) between the Trial Court and Brockton Police referenced in the above disclosure pursuant to Fed. R. Civ. P. 26(a)(1)(A).

**26.1(B)(2)(c)**  The Trial Court did investigate this matter in response to a letter from attorney John Doherty dated December 26, 2001 and in response to the complaint filed in this action in 2004.

        Sworn to by the

        COMMONWEALTH
        By its Attorneys
        THOMAS F. REILLY
        ATTORNEY GENERAL

        _____
        Jason B. Barshak, BBO # 564040
        Assistant Attorney General
        Government Bureau/Trial Division
        One Ashburton Place, Rm. 1813
        Boston, MA 02108
Date: 1/31/05        (617) 727-2200, Ext. 3316