UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
                                    )
MARY GOMES, GUARDIAN OF THE         )
ESTATE OF RICHARD P. GOMES;         )
and MARY GOMES, INDIVIDUALLY,       )
                                    )
         Plaintiffs,                )
                                    )   C.A. No. 04-11464-MLW
v.                                  )
                                    )
THE CITY OF BROCKTON;               )
THE TRIAL COURT OF THE              )
COMMONWEALTH OF MASSACHUSETTS;)     )
JESSE DRANE; and ONE OR MORE        )
UNKNOWN NAMED OFFICERS OF THE       )
BROCKTON POLICE DEPARTMENT,         )
                                    )
         Defendants.                )
                                    )
```

## DEFENDANT TRIAL COURT OF THE COMMONWEALTHS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

### I.   Introduction

Plaintiff Mary Gomes has brought this action on her own

behalf and that of her ward and son, Richard P. Gomes

(collectively referred to as "Gomes"), against the Trial Court

of the Commonwealth of Massachusetts ("the Trial Court") and

various other defendants.  Mary Gomes claims that her son

Richard suffered a diabetic seizure and other injuries as a

consequence of the defendants' failure to allow him access to

his insulin medication while he was in their custody and

control.

-2-

Gomes' claims against the Trial Court should all be
dismissed or summary judgment entered in favor of the Trial
Court for the simple reason that Gomes was not in its custody
during any time relevant to his diabetic seizure.[1]

## II.  Material Facts

For the purposes of this motion, the Trial Court
states the following material facts, which are not
subject to genuine dispute:

1.   At 3:53 p.m. on June 25, 2001, Gomes was
arrested for shoplifting by the Brockton Police for
shoplifting.[2]

2.   Gomes was brought to the Brockton Police
Station and placed in the lockup, where he was held
without bail pending arraignment on charges of
shoplifting, giving a false name, and four outstanding
warrants.[3]

3.   At 6:00 or 6:05 a.m. on June 26, 2001, Gomes
suffered a diabetic seizure and was transported by an

---

[1]   In filing this motion, the Trial Court does not mean to
      suggest that it waives its right to subsequently move to
      dismiss Gomes' federal claims on grounds of sovereign or
      qualified immunity, and his state negligence claim pursuant
      to the statutory public duty rule, M.G.L. ch.258 § 10(j).
[2]   Arrest Booking Report, a copy of which is annexed as
      Exhibit A.
[3]   Id.

American Medical Response ambulance from the Brockton

Police Station to the Brockton Hospital.[4]

4. Gomes was scheduled for arraignment the next

day in Brockton District Court.[5]

5. Gomes did not appear at the Brockton District

Court on June 27, 2001 as scheduled.[6]

6. Because Gomes was in the hospital, the

Commonwealth moved to dismiss the shoplifting charge,

whereupon Presiding Justice David G. Nagle ordered that

Gomes be discharged on all counts and the case closed.[7]

III. **Argument**

A. **The Applicable Dismissal And Summary Judgment Standard.**

For purposes of a motion to dismiss, the Court takes as

true "the well-pleaded facts as they appear in the complaint,

extending [the] plaintiff every reasonable inference in [his]

favor." Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st

Cir. 1992). A complaint may dismissed under Fed.R.Civ.P.

12(b)(6) if "'it appears beyond doubt that the plaintiff can

---

[4]  Affidavit of Kenneth Galligan and attached Fire Department
     Form 1-A Incident Report.

[5]  Brockton District Court Docket Entries, a copy of which is
     annexed as Exhibit B.

[6]  Id.; June 26, 2001 Brockton District Court Lockup List, a
     copy of which is annexed as Exhibit C.

-4-

prove no set of facts in support of [his] claim which would entitle [him] to relief.'" Roeder v. Alpha Indus., Inc., 814 F.2d 22, 25 (1st Cir. 1987), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A court is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. Papasan v. Allain, 478 U.S. 265, 286 (1986); Clegg v. Cult Awareness Network, 18 F.3d 752, (9th Cir. 1994).

If, on a motion to dismiss for failure to state a claim, the Court considers materials outside the pleadings, the motion will be treated as one for summary judgment. Fed. R. Civ. P. 12(b). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). All facts must be viewed, and all inferences drawn, in the light most favorable to the nonmoving party. Reich v. John Alden Life Ins. Co., 126 F.3d 1, 6 (1st Cir. 1997). However, the nonmoving party cannot avoid summary judgment by resting "'merely upon conclusory allegations, improbable inferences, and unsupported speculation.'" Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000), quoting Medina-

---

7    Id.

Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

## B.  The Complaint Against The Trial Court Should Be Dismissed Because Gomes Was Never In Its Custody.

All three of the Counts against the Trial Court in Gomes' Complaint are premised on the Trial Court having had him in custody at the time of his diabetic seizure.  In the demonstrated absence of such, this action against the Trial Court must be dismissed.

The three counts against the Trial Court are Count IV, Count V, and Count XII, respectively.  Count IV is based on Title II of the ADA which prohibits discrimination in the provision of public services, programs, and activities.  42 U.S.C. § 12132.  Clearly, if a defendant has not been in a position to provide public services, programs, and activities, the defendant cannot reasonably be faulted for discrimination. See Okla. City v. Tuttle, 471 U.S. 808, 823 (1985)("affirmative link" must be shown between conduct complained of and constitutional violation); Bordanaro v. McLeod, 871 F.2d 1151, 1157 (1st Cir. 1989)(same).

Count V is based on Section 504 of the Rehabilitation Act. As the precursor of the ADA, it, too, prohibits discrimination against an otherwise qualified individual based on his or her

-6-

disability. Again, without any interaction between the two, it
is not reasonable to suppose that a defendant has discriminated
against a plaintiff, much less impose any liability.

Count XII is a state law negligence claim pursuant to
M.G.L. c. 258. State negligence law holds that a defendant owes
a pretrial detainee a duty of care, but only when under its
custody and control. See Slaven v. Salem, 386 Mass. 885, 887
(1982).

Gomes cannot show that he was affirmatively linked,
interacted or was in the custody or control of the Trial
Court at any time related to his diabetic seizure on June
26, 2001. It is true, of course, that Gomes alleges such
contact in his unverified Complaint, stating that:

> On or about June 26, 2001 at approximately 8:30
> a.m., Richard [Gomes] was transported by Drane
> and/or unknown Brockton officers from the Brockton
> Police Department/Brockton's municipal lock-up
> facility, to the Brockton Division of the District
> Court Department of the Massachusetts Trial Court
> and was there delivered into the custody of State
> Court officers.[8]

Gomes further alleges that:

> At approximately 10:30 a.m., while in the custody
> of unknown Court officers...and appearing before
> the Justices of the Brockton Division of the
> District Court Department of the State Court for
> arraignment or recognizance, plaintiff physically

---

[8]    Complaint, ¶ 14.

-7-

collapsed[9]...and was subsequently transported to
the Brockton Hospital....[10]

These allegations are contradicted by the relevant
records kept in the ordinary course of business by the
Brockton Police, the Brockton Fire Department, and the
Brockton District Court. At all times prior to his
diabetic seizure, Gomes was in the custody of the
Brockton Police[11] and not the Trial Court.[12] Gomes has
put forth nothing to contradict this fact, other than
allegations in an unverified complaint, signed by an
attorney without any personal knowledge. These
constitute just the kind of conclusory allegations and
unsupported speculation which, by themselves, cannot
withstand a motion to dismiss or for summary judgment.
Feliciano de la Cruz, 218 F.3d at 5. Accordingly, it
must be taken as undisputed fact that Gomes was never in
custody of the Trial Court, and then decided, as a matter
of law, that all three counts against the Trial Court are
without merit, to be dismissed or, in the alternative,
enter summary judgment in favor of the Trial Court.

---

[9]  Complaint, ¶ 15.
[10]  Complaint, ¶ 16.
[11]  Exhibit A; Affidavit of Kenneth Galligan.
[12]  Exhibit C.

-8-

## IV. Conclusion

In as much as Gomes was never in the custody or control of the Trial Court, the Complaint against the Trial Court should be dismissed or, in the alternative, summary judgment entered in its favor.

Respectfully submitted,

**TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS,**

**By its Attorneys,**

**THOMAS F. REILLY
Attorney General**

**/s/ Charles M. Wyzanski**
**Charles M. Wyzanski
Assistant Attorney General
B.B.O. No. 536040
200 Portland Street
Boston, MA. 02202
Tel. No. (617) 727-2200**