UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11464-MLW

| | |
|---|---|
| MARY GOMES, GUARDIAN OF THE ESTATE OF RICHARD P. GOMES, and MARY GOMES, INDIVIDUALLY,<br><br>                    Plaintiffs<br><br>v.<br><br>THE CITY OF BROCKTON, THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, JESSE DRANE, and ONE OR MORE UNKNOWN NAMED OFFICERS OF THE BROCKTON POLICE DEPARTMENT,<br><br>                    Defendants | DEFENDANT JESSE DRANE'S REPORT ON SETTLEMENT AND PROPOSED MOTION <u>FOR SUMMARY JUDGMENT</u> |

Now comes the defendant, Jesse Drane, pursuant to this Court's Scheduling Order, as modified on March 2, 2006, and hereby reports on the status of settlement and his proposed motion for summary judgment.  In short, this defendant believes that settlement discussions will not be fruitful at this juncture and that he has good grounds for a motion for summary judgment on the issue of liability.  Therefore, the defendant intends to file a motion for summary judgment by July 13, 2006.

In further support of his position, the defendant offers the following:

1.      This case arises out of Richard Gomes' arrest by Brockton Police Officer Jesse Drane for shoplifting on June 25, 2001.  Subsequent to his arrest by Officer Drane, Mr. Gomes was booked and placed in a holding cell at the Brockton Police Department.  While being detained prior to arraignment, Mr. Gomes claims to have gone into diabetic shock and suffered a seizure.

2.      As a result of the allegations set forth in the Complaint, Mr. Gomes claims that Officer Drane arrested him without probable cause in violation of the Fourth Amendment, and that

Officer Drane denied him constitutionally adequate medical care in violation of the Due Process Clause of the Fourteenth Amendment.

3.      At this juncture, discovery is complete and it is Officer Drane's position that there are no genuine issues of material fact in dispute with respect to either of these issues.  With respect to Mr. Gomes' arrest, the undisputed facts will establish that Officer Drane reasonably relied on the reports of two security officers who reported witnessing Mr. Gomes concealing merchandise to establish probable cause to believe that Mr. Gomes committed to offense of shoplifting as defined by Massachusetts law.  In addition, Officer Drane had probable cause to believe that Mr. Gomes gave a false name and social security number when questioned by him, and that Mr. Gomes had outstanding warrants at the time of his arrest.

4.      With respect to the denial of medical care claim, it is Officer Drane's position that the undisputed facts will establish that Officer Drane was not deliberately indifferent to Mr. Gomes' medical needs and as he was never made aware of Mr. Gomes' medical condition.  As such, Officer Drane cannot be held liable for Mr. Gomes' injuries as a matter of law.

Based on the foregoing, Defendant Jesse Drane intends to file a Motion for Summary Judgment by July 13, 2006.

<div style="margin-left: 40%;">

DEFENDANT
JESSE DRANE,

By his attorneys,

/s/ Gregg J. Corbo
Joseph L. Tehan, Jr. (BBO # 494020)
Gregg J. Corbo (BBO #641459)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
617-556-0007

</div>

283081/60700/0588

2