UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11464-MLW

MARY GOMES, GUARDIAN OF THE ESTATE OF
RICHARD P. GOMES, and MARY GOMES,
INDIVIDUALLY,

          Plaintiffs

v.

THE CITY OF BROCKTON, THE TRIAL COURT
OF THE COMMONWEALTH OF
MASSACHUSETTS, JESSE DRANE, and ONE OR
MORE UNKNOWN NAMED OFFICERS OF THE
BROCKTON POLICE DEPARTMENT,

          Defendants

DEFENDANT JESSE DRANE'S
MOTION FOR SUMMARY
JUDGMENT

      Now comes the defendant Jesse Drane, pursuant to Fed.R.Civ.P. 56(c) and hereby moves for entry of summary judgment in his favor on all claims against him in the complaint. As grounds therefor the defendant states that there are no genuine issues of material fact in dispute and that the defendant is entitled to summary judgment as a matter of law.

      Specifically, in Count VI of the Complaint, the plaintiff Mary Gomes, as guardian of the estate of Richard Gomes, sets forth three claims against Officer Drane pursuant to 42 U.S.C. §1983, alleging violations of rights secured under the United States Constitution. The plaintiff claims that: (1) Richard Gomes was arrested without probable cause in violation of the Fourth and Fourteenth Amendments; (2) he was punished without due process of law; and (3) he was denied his right to adequate medical care as a pretrial detainee under the Due Process Clause of the Fourteenth Amendment (Complaint, ¶44(a)(1)-(3)). In Count VII, the plaintiff claims that she is entitled to an award of punitive damages as a result of Officer Drane's alleged misconduct and in Count XII, Ms. Gomes, in her individual capacity, alleges that she has suffered loss of parental consortium as a result of the injuries sustained by her son Richard.

      The summary judgment record clearly shows that Officer Drane's decision to arrest the plaintiff was supported by probable cause.  In addition, Officer Drane cannot be held to have been deliberately indifferent to the plaintiff's medical needs because there is no evidence to show that Officer Drane was aware of any need on the part of Mr. Gomes for medical attention.  Therefore, for the reasons discussed in greater detail in the L.R. 56.1 Statement of Facts and Memorandum of Law submitted herewith, Officer Drane is entitled to summary judgment as a matter of law.

                                                              DEFENDANT
                                                              JESSE DRANE,
                                                              By his attorneys,

                                                             /s/ Gregg J. Corbo
                                                            Joseph L. Tehan, Jr. (BBO # 494020)
                                                            Gregg J. Corbo (BBO #641459)
                                                            Kopelman and Paige, P.C.
                                                            31 St. James Avenue
                                                            Boston, MA  02116
                                                            617-556-0007

287302/60700/0588