UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11464-MLW

| | |
|---|---|
| MARY GOMES, GUARDIAN OF THE ESTATE OF RICHARD P. GOMES, and MARY GOMES, INDIVIDUALLY,<br><br>Plaintiffs<br>v.<br><br>THE CITY OF BROCKTON, THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, JESSE DRANE, and ONE OR MORE UNKNOWN NAMED OFFICERS OF THE BROCKTON POLICE DEPARTMENT,<br><br>Defendants | MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JESSE DRANE'S MOTION FOR SUMMARY JUDGMENT |

I.  INTRODUCTION

On June 25, 2001, Richard Gomes was arrested by a City of Brockton Police Officer, defendant Jesse Drane, on the basis of four outstanding warrants, for providing a false name and social security number to a police officer, and upon probable cause to believe that Mr. Gomes had shoplifted from two Brockton retail establishments. Unbeknownst to Officer Drane, Mr. Gomes suffered from Type 1 Diabetes, requiring the administration of pharmaceutical insulin. After completing the booking process, Officer Drane left the Brokcton Police Station at approximately 5:30 p.m., and Mr. Gomes was taken to a holding cell to await arraignment. The following day, after collapsing in his cell, Mr. Gomes was transported to Brockton Hospital by ambulance where he was diagnosed as having suffered from a diabetic seizure resulting in a coma. The present suit followed, in which the plaintiff alleges that Officer Drane arrested Mr. Gomes without probable cause and denied him adequate medical care in violation of rights secured by the United States Constitution.

While the adverse medical reaction suffered by Mr. Gomes was unfortunate, the undisputed facts in the summary judgment record do not establish any basis for liability on the part of Officer Drane. More specifically, the facts in the summary judgment record clearly show that Officer Drane's decision to arrest Mr. Gomes was supported by probable cause on the basis of four outstanding warrants, the false name and social security number provided by Mr. Gomes at the time of arrest, and the eye witness accounts of two merchants that Mr. Gomes was shoplifting. In addition, Officer Drane cannot be held to have been deliberately indifferent to Mr. Gomes' medical needs because there is no evidence to show that Officer Drane was aware of Mr. Gomes' medical condition or his need for insulin. Therefore, for the reasons discussed in greater detail in this Memorandum, Officer Drane is entitled to summary judgment as a matter of law.

II.   FACTS

The facts underlying this case are set forth in the Defendant Jesse Drane's Statement of Material Facts Not in Dispute Pursuant to L.R. 56.1, filed herewith.

III.   ARGUMENT

    A.   Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter law." Fed.R.Civ.P. 56(c). In order to defeat a summary judgment motion, "the non-moving party must demonstrate the existence of a genuine issue of material fact pertaining to those issues on which it would bear the burden of proof at trial." Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1171 (1st Cir. 1988). Under Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1987),

summary judgment is appropriate where the non-moving has the burden of proof and "fails to make a showing sufficient to establish the existence of an element essential to that party's case."

      B.      Officer Drane is Entitled to Summary Judgment as to Plaintiff's Civil Rights Claims Pursuant to 42 U.S.C. §1983 (Counts VI and VII)

In Count VI, the plaintiff Mary Gomes, as guardian of the estate of Richard Gomes, sets forth three claims against Officer Drane pursuant to 42 U.S.C. §1983, alleging violations of rights secured under the United States Constitution. Specifically, the plaintiff claims that: (1) Richard Gomes was arrested without probable cause in violation of the Fourth and Fourteenth Amendments; (2) he was punished without due process of law; and (3) he was denied his right to adequate medical care as a pretrial detainee under the Due Process Clause of the Fourteenth Amendment (Complaint, ¶44(a)(1)-(3)). In Count VII, the plaintiff claims that she is entitled to an award of punitive damages as a result of Officer Drane's alleged misconduct. As will be described in detail below, there are no genuine issues of material fact in dispute with respect to Officer Drane's conduct, and he is entitled to summary judgment as a matter of law.

      1.      Officer Drane is entitled to summary judgment as to the Fourth Amendment claim

The plaintiff claims that "[o]n or about June 25, 2001, defendant Drane made a warrantless arrest of plaintiff Richard outside of the C.V.S. Pharmacy on S. Main Street, Brockton, MA, and took him into custody for the misdemeanor offense of shoplifting or attempted shoplifting." (Complaint, ¶10). This contention is factually incomplete in that Mr. Gomes was also arrested, in part, on the basis of four outstanding warrants and for providing a false name and social security number to a police officer (Statement of Facts, ¶18). It is well-settled that an arrest based upon a facially valid warrant satisfies the probable cause requirement of the Fourth Amendment. Brady v. Dill, 187 F.3d 104, 108 (1st Cir. 1999); Soto v. Bzdel, 214 F.Supp. 69, 74

(D.Me. 2002). Therefore, as Mr. Gomes was arrested on the basis of outstanding warrants, Officer Drane is entitled to summary judgment as to the Fourth Amendment claim.

Assuming, *arguendo*, that the warrants for Mr. Gomes' arrest were invalid in some manner, Officer Drane would nonetheless be entitled to substantive judgment in his favor and to qualified immunity based on the facts known to him at the time of Mr. Gomes' arrest. According to Officer Drane's unrebutted testimony, he was informed by the Brockton Police Dispatcher that the Commonwealth's computerized warrant management system revealed four outstanding warrants for Mr. Gomes (Statement of Facts, ¶13). Pursuant to G.L. c. 276, 23A, "warrants appearing electronically in the warrant management system and, in turn, in the criminal justice information system, shall constitute notice and delivery of said warrants to the police department responsible for serving the warrant." The statute further provides that a police officer who relies in good faith on the warrant appearing in the computerized warrant management system shall be immune from civil liability under state law. In addition, an officer who reasonably relies on information contained in a computerized warrant management system is entitled to qualified immunity if that information later proves mistaken. See Soto, 214 F.Supp. at 76, n. 6. In this matter, the Commonwealth's computerized warrant management system identified Mr. Gomes as having four outstanding warrants. It was objectively reasonable for Officer Drane to rely on that information, and there is no evidence to suggest that the information was erroneous. Therefore, Officer Drane is entitled to substantive judgment on the basis that he had probable cause to believe that Mr. Gomes should be arrested on the basis of outstanding warrants. Officer Drane is also entitled to qualified immunity because he reasonably relied on information contained in the warrant management system.

The reasonableness of Officer Drane's determination of probable cause to arrest Mr. Gomes is further strengthened by the fact that Mr. Gomes gave a false name and social security number in response to questioning. Pursuant to G.L. c. 268, §34A, it is a criminal offense to knowingly provide a false name or social security number to a police officer following an arrest. For purposes of the statute, a false name is one that a person has assumed for a dishonest purpose, including "concealing one's identity to avoid answering to an outstanding warrant . . . ." Commonwealth v. Clark, 446 Mass. 620, 626, 846 N.E.2d. 765, 771 (2006). In addition, the giving of a false name to a police officer exhibits consciousness of guilt that constitutes an implied admission of wrongdoing. Commonwealth v. Pope, 15 Mass.App.Ct. 505, 511, 446 N.E.2d 741, 745 (1983) (citing, Commonwealth v. Fancy, 349 Mass. 196, 201, 207 N.E.2d 276 (1965)). Thus, where a police officer knows that a suspect's identification of himself is false and that such false identification violates state law, the officer has sufficient probable cause to arrest. See, e.g. United States v. McCarthy, 77 F.3d 522, 534 (1st Cir. 1996).

In this matter, Mr. Gomes refused to provide Officer Drane with proof of his identification, and gave what later turned-out to be a false name, date of birth and social security number (Statement of Facts, ¶11). Indeed, the social security number given was that of a female (Statement of Facts, ¶12). When Mr. Gomes' identity could not be confirmed, Mr. Gomes admitted that he had been arrested before (Statement of Facts, ¶13). As a result of this information, Officer Drane learned that Mr. Gomes had four outstanding warrants and falsely identified himself (Statement of Facts, ¶13). Given the existence of the outstanding warrants, the false information provided by Mr. Gomes clearly evidenced his consciousness of guilt and his intent to evade arrest under false pretenses. As such, Officer Drane had probable cause to arrest

5

Mr. Gomes, not only on the basis of the outstanding warrants, but on the basis of Mr. Gomes' violation of G.L. c. 268, §34A.

Even in the absence of the warrants for Mr. Gomes' arrest and his false identification, Officer Drane had probable cause to arrest Mr. Gomes for shoplifting. In Massachusetts, the crime of shoplifting is defined, in part, as follows:

> Any person who intentionally takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store of other retail mercantile establishment with the intention of depriving the merchant of the possession, use of benefit of such merchandise or converting the same to the use of such person without paying to the merchant the value thereof; or
>
> Any person who intentionally conceals upon his person or otherwise any merchandise offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of proceeds, use or benefit of such merchandise or converting the same to the use of such person without paying to the merchant the value thereof; . . .

G.L. c. 266, §30A. A police officer may arrest without a warrant any person he has probable cause for believing has committed the offense of shoplifting, and "[t]he statement of a merchant or his employee or agent that a person has violated a provision of this section shall constitute probable cause for arrest by any law enforcement officer authorized to make an arrest in such jurisdiction." Id.

In this matter, based on the undisputed facts in the summary judgment record, it is clear that Officer Drane had probable cause to believe that Mr. Gomes committed the offense of shoplifting as defined by Massachusetts law. Specifically, on June 25, 2001 at 3:00 p.m., Mr. Gomes and his girlfriend Taylease Pina went to a Shaw's supermarket in the City of Brockton for the purpose of shoplifting merchandise to support their heroin habit (Statement of Facts, ¶4). While in the store, Gomes and Pina were followed by the super market security officer (Statement of Facts, ¶6). Gomes and Pina then ran out of the store (Statement of Facts, ¶6). The

6

security officer confronted the pair outside the store and they ran away into the CVS Pharmacy in the same shopping center, where they were hoping to get lost in the crowd. The security officer followed (Statement of Facts, ¶6).

At approximately 3:15 p.m., the dispatcher for the Brockton Police Department received a report of a larceny in progress at the Shaw's Supermarket in Brockton. The caller stated that a black female with a black shirt and shorts fled from the store with items towards the Center on Main Street. The caller also reported that a black male was with her (Statement of Facts, ¶7). Officer Drane was dispatched to the scene. At that time Officer Drane spoke with Shaw's Loss Prevention Officer Angelo Lapanna, who stated that the two suspects entered the store and started stealing items. Mr. Lapanna stated that he observed the suspects' activity and that when he approached them, they put the items down and proceeded to run out of the store towards the CVS Pharmacy (Statement of Facts, ¶8).

Officer Drane then proceeded to the CVS Pharmacy on Main Street in Brockton, where he apprehended the two suspects as they were leaving the store (Statement of Facts, ¶9). The suspects were then identified by Mr. Lapanna as being the individuals that he saw attempting to shoplift items in Shaw's (Statement of Facts, ¶10). Officer Drane also spoke with the manager of CVS who stated that he saw the two individuals attempt to put something in their pockets, but that they dropped the items and had run out of the CVS store when they saw him (Statement of Facts, ¶10). The two suspects were later identified as plaintiff, Richard Gomes and Taylease Pina (Statement of Facts, ¶10).

With respect to probable cause, the First Circuit's decision in Acosta v. Ames Department Stores, Inc., 386 F.3d 5 (1st Cir. 2004) is controlling. In Acosta, a store detective reported to the police that he observed the plaintiff leave the store with merchandise that was not paid for.

7

Although Acosta offered an exculpatory explanation for her conduct, the First Circuit held that the arrest based on the eye witness account of the store security officer established probable cause to arrest. Acosta, 386 F.3d at 10. Here, the facts surrounding Mr. Gomes' arrest are almost identical to those found sufficient to establish probable cause in Acosta, except that here no plausible exculpatory explanation for Mr. Gomes' conduct was offered. Therefore, based on the foregoing facts, which are undisputed, Officer Drane reasonably relied on the statements of two merchants in concluding that Mr. Gomes violated G.L. c. 266, §30A by intentionally taking possession of and concealing on his person merchandise offered for sale by those merchants. Moreover, it was reasonable to conclude, by his actions of dropping the merchandise and running when he saw the store employees, that Mr. Gomes intended to deprive those merchants of the goods he had taken possession of and concealed. See United States v. Sealey, 30 F.3d 7, 10 (1st Cir. 1994)(probable cause to arrest for violation of firearms law found where suspect fled from police for no apparent reason and was observed discarding gun during the ensuing chase). An objectively reasonable officer so informed by the person in charge of the business fairly could conclude that Mr. Gomes had committed the offense of shoplifting on two occasions. As such, Mr. Gomes's arrest was supported by probable cause as a matter of law. See, e.g. Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 351 (1st Cir. 1995) (statements by restaurant manager that plaintiff caused a disturbance and refused to leave constituted probable cause to arrest for criminal trespass even without any further investigation). Therefore, Officer Drane is entitled to summary judgment as a matter of law as to the claim that Mr. Gomes was arrested without probable cause.

  Even if this Court were to find that Officer Drane lacked probable cause to arrest Mr. Gomes, he is entitled to qualified immunity unless his actions were "so lacking in indicia of

probable cause as to render official belief in its existence unreasonable." St. Hilaire v. City of Laconia, 71 F.3d 20, 28 (1st Cir. 1995); quoting Malley v. Briggs, 475 U.S. 335, 344-345, 106 S.ct. 1092, 1098 (1986). Thus, "the question the court must ask is whether another officer, standing in [the defendant's] shoes and having the same information [the defendant] had, might reasonably have come to the conclusion that he had probable cause to [arrest Mr. Gomes]." Hoffman, 973 F.2d at 986. Even though both inquiries focus on the objective reasonableness of the officer's actions, the Supreme Court has made it clear that the inquiry into whether an officer had probable cause to arrest for purposes of establishing a substantive violation of the Fourth Amendment, and the inquiry into whether an officer reasonably believed that there was probable cause for purposes of qualified immunity, involve different standards of proof. Saucier v. Katz, 121 S.Ct. 2151, 2152, 533 U.S. 194, 194-195 (2001); Atwater v. City of Lago Vista, 121 S.Ct. 1536, 1564, 532 U.S. 318, 367 (2001); both citing Anderson v. Creighton, 107 S.Ct. 3034, 3040-3041, 483 U.S. 635, 640-641 (1987). Thus, the Supreme Court has held that where an officer correctly perceives all of the relevant facts, but has a mistaken understanding as to whether those facts establish probable cause, the officer will be entitled to qualified immunity. See Saucier, 121 S.Ct. at 2153, 533 U.S. at 195 (discussing application in context of excessive force case). It appears clear from these decisions that an officer is entitled to more latitude in evaluating the reasonableness of his conduct for purposes of qualified immunity than for purposes of substantive probable cause determination.

      In this matter, even if the eye witness accounts of the Shaws' Loss Prevention Officer and the CVS Manager did not rise to the level of probable cause entitling Officer Drane to judgment as a matter of law, Officer Drane would nonetheless be entitled to qualified immunity as his reliance on those statements was objectively reasonable. Pursuant to G.L. c. 266, §30A,

"[t]he statement of a merchant or his employee that a person has violated a provision of this section shall constitute probable cause for arrest by any law enforcement officer authorized to make an arrest in such jurisdiction." Therefore, on the basis of this statutory authority, a reasonable officer in Officer Drane's position would have believed that Mr. Gomes' arrest was lawful. Therefore, even if Officer Drane's probable cause determination were mistaken, he is nonetheless entitled to qualified immunity.

        2.        Officer Drane is entitled to summary judgment as to the Due Process claim

In Paragraph 44(a)(2) of the Complaint, the plaintiff claims that Officer Drane deprived Mr. Gomes of "his right to be free from punishment without due process of law." To the extent that this claim is based on the arrest, Officer Drane is entitled to summary judgment for the reasons stated above. Ahern v. O'Donnell, 109 F.3d 809, 818-19 (1st Cir. 1997)(in this context, where the plaintiff claims that he was arrested without probable cause, the Fourth Amendment protection against unreasonable seizures more specifically applies to the complained-of conduct than does the Due Process Clause, and thus defines what process is due in the context of the specific conduct alleged to have violated plaintiff's constitutional rights). To the extent that this claim is based on the allegation that Mr. Gomes was denied adequate medical care, such a right is secured by the Due Process Clause, but Officer Drane is nonetheless entitled to summary judgment for the detailed reasons stated below.

        3.        Officer Drane is entitled to summary judgment as to the Denial of Medical Care claim

In Count VI, the plaintiff claims that Officer Drane deprived Mr. Gomes of his right to adequate medical care as a pretrial detainee (Complaint, ¶44(a)(3)). Claims for denial of medical care by pretrial detainees arise under the Fourteenth Amendment Due Process Clause, and are assessed in accordance with the same standards for denial of medical care claims by inmates

under the Eight Amendment.  Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002).  The mere fact that a pretrial detainee suffers an injury or an adverse medical reaction does not state a *prima facie* case of a constitutional violation.  Pelleiter v. Magnusson, 201 F.Supp.2d 148, 162 (D.Me. 2002).  Likewise, an inadvertent failure to provide adequate medical care does not rise to the level of a constitutional violation.  Id. (quoting, Farmer v. Brennan, 511 U.S. 825, 105-106 (1994).  Rather, the inquiry is whether the defendant was deliberately indifferent to the plaintiff's medical needs.  Id.

Deliberate indifference "encompasses acts or omissions so dangerous (in respect to health or safety) that a defendant's knowledge of a large risk can be inferred."  Elliot v. Cheshire County, new Hampshire, 750 F.Supp. 1146, 1151 (D.N.H. 1990) (quoting, Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir.)).  To establish an actionable denial of medical care claim under the deliberate indifference standard, the plaintiff must satisfy a two-prong test set forth by the Supreme Court in Farmer v. Brennan, 511 U.S. 825 (1994).  Under the first prong of the Farmer test, the plaintiff must show that the deprivation alleged is objectively sufficiently serious; and under the second prong, the plaintiff must show that the defendant had a culpable state of mind, which means that the defendant was deliberately indifferent to the plaintiff's health or safety.  Burrell, 307 F.3d at 8.  For purposes of summary judgment, Officer Drane does not dispute that the first prong of the Farmer test is satisfied here.

The second part of the Farmer test is a subjective standard: the defendant must have consciously disregarded a substantial risk of serious harm.  Pelletier, 201 F.Supp.2d at 163 (citing, Framer, 511 U.S. at 839-40).  "In order to establish deliberate indifference, the complainant must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain."  DesRosiers v. Moran, 949 F.2d 15, 19 (1991). "While this mental state can aptly

be described as 'recklessness,' it is recklessness not in the tort-law sense but in the appreciably stricter criminal-law sense, <u>requiring actual knowledge of impending harm</u>, easily preventable. <u>Id.</u> (emphasis supplied). Thus, the "deliberate" part of "deliberate indifference" requires that the defendant "must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Burrell</u>, 307 F.3d at 8 (quoting, Farmer, 511 U.S. at 837). According to the First Circuit Court of Appeals, a defendant "cannot be indifferent, of course, if [he] is unaware of the risk." <u>Burrell</u>, 307 F.3d at 8, as is the case here. Even "an official's failure to alleviate a significant risk that he should have perceived but did not, while not a cause for commendation, cannot under our cases be condemned as the infliction of punishment." <u>Farmer</u>, 511 U.S. at 838.

In this matter, Officer Drane cannot, as a matter of law, have been deliberately indifferent to Mr. Gomes' medical needs because he did not know of Mr. Gomes' medical condition. Officer Drane first encountered Mr. Gomes at approximately 3:15 p.m. on June 25, 2001 (Statement of Facts, ¶¶7-11). At that time, Mr. Gomes did not have his insulin kit on his person (Statement of Facts, ¶¶5, 15) and he did not demonstrate any outward symptoms which would indicate a need for medical treatment (Statement of Facts, ¶16). Furthermore, Mr. Gomes never informed Officer Drane of his medical condition or need for insulin prior to his arrest (Statement of Facts, ¶15). Mr. Gomes also failed to inform Officer Drane of his medical condition during transport to the police station, during the booking process or at any time prior to Officer Drane's leaving the police station for the day (Statement of Facts, ¶¶17, 19, 25). Officer Drane left the police station at approximately 5:30 p.m. on June 25, 2001, and Mr. Gomes' claimed adverse reaction as a result of insulin deprivation did not occur until approximately 6:00 a.m. the following day (Statement of Facts, ¶30). In the absence of any evidence demonstrating that Officer Drane was

aware of Mr. Gomes' medical condition and/or his need for treatment, Officer Drane is entitled to summary judgment as a matter of law.  See, e.g. Baldwin v. Tessier, Slip Copy, 2006 WL 753244 (D.Mass. 2006) (individual defendants' entitled to summary judgment where there was no evidence that they were aware that the plaintiff was suffering from migraine headaches as a result of altercation).

> 4. Officer Drane is entitled to summary judgment as to the Punitive Damages claim because Officer Drane's conduct was not motivated by evil motive or intent (Count VII)

In Count VII, plaintiff asserts that she is entitled to punitive damages based on the alleged civil rights violations set forth in Count VI of the Complaint.  For the reasons set forth in the preceding sections, Officer Gomes is entitled to summary judgment as to the punitive damages claim because the plaintiff cannot establish Officer Drane's substantive liability on the underlying civil rights claims.

Assuming, *arguendo*, that plaintiff can establish a viable civil rights claim against Officer Drane, Officer Drane is, nonetheless, entitled to summary judgment as to the punitive damages claim.  Punitive damages are only appropriate "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Davet v. Maccarone, 973 F.2d 22, 27 (1st Cir. 1992) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)).  This is a "subjectively oriented test" that requires the plaintiff to adduce evidence sufficient to establish that Officer Drane determined to violate Mr. Gomes' federally protected rights knowing that he was doing so or, at least, with conscious indifference to the possibility that he would be violating Mr. Gomes' rights.  Iacobucci v. Boutler, 193 F.3d 14, 26 (1st Cir. 1999).

Bad faith cannot be imputed to a government official. Rather, the plaintiff must overcome the presumption of good faith action by government officials by articulating "specific allegations of bad faith and, if necessary, [by producing] reasonably particularized evidence in support of those allegations." Costa v. Immigration and Naturalization Service, 233 F.3d 31, 37 (1st Cir. 2000) (quoting United States v. Gertner, 65 F.3d 963 (1st Cir. 1995)). Thus, even if the plaintiff can adduce sufficient evidence that a police officer acted in an objectively unreasonable manner so as to overcome a qualified immunity defense, a claim for punitive damages will fail unless the plaintiff has also adduced specific evidence, either direct or circumstantial, as to the officer's evil motive and/or subjective awareness of the unconstitutionality of his conduct. Iacobucci, 193 F.3d at 26-27.

In this matter, there is not one scintilla of evidence to support the notion that Officer Drane acted with evil motive or with callous indifference to Richard Gomes' federally protected rights. With respect to Mr. Gomes' initial detention and arrest, Officer Drane conducted a reasonable investigation to determine that Mr. Gomes had shoplifted, and the summary judgment record reveals no evil motive or callous indifference in the arrest. Likewise, with respect to the medical care issue, there is no evidence that Officer Drane knew of Mr. Gomes' medical condition or that he refused any requests for assistance. Moreover, there is no evidence that Officer Drane harbored any personal animus or ill will towards Mr. Gomes or that he was carrying out some ulterior motive in effectuating the arrest. Therefore, even if the plaintiff can establish a basis for substantive liability against Officer Drane (which he cannot), the request for punitive damages should be denied as a matter of law.

    C.    <u>Officer Drane is Entitled to Summary Judgment as to Mary Gomes' Loss of Consortium Claim (Count XII)</u>

In Count XII, plaintiff Mary Gomes alleges that she has suffered a loss of parental consortium as a result of the injuries sustained by her son Richard (Complaint, ¶63). Pursuant to Massachusetts law, "[t]he parents of a child or an adult child who is dependent on his parents for support shall have a cause of action for loss of consortium of the child who has been seriously injured against any person <u>who is legally responsible for causing such injury</u>." G.L. c. 231, §85X (emphasis supplied). Claims for loss of consortium are entirely derivative and have no existence apart from a viable claim of the child based on the underlying injury. <u>Short</u> v. <u>Town of Burlington</u>, 11 Mass.App.Ct. 909, 414 N.E.2d 1035 (1981). As previously discussed, Officer Drane is not legally or factually responsible for any of the injuries allegedly suffered by Richard Gomes. Therefore, as Officer Drane is entitled to summary judgment as a matter of law as to Richard Gomes' civil rights claims, Officer Drane is also entitled to summary judgment as to Mary Gomes' loss of consortium claim.

IV.    <u>CONCLUSION</u>

For the foregoing reasons, the defendant Jesse Drane is entitled to summary judgment as to all counts set forth against him in the plaintiffs' complaint.

                                        DEFENDANT
                                        JESSE DRANE,

                                        By his attorneys,

                                        <u>/s/ Gregg J. Corbo</u>
                                        Joseph L. Tehan, Jr. (BBO # 494020)
                                        Gregg J. Corbo (BBO #641459)
                                        Kopelman and Paige, P.C.
                                        31 St. James Avenue
                                        Boston, MA  02116
                                        617-556-0007

274819/60700/0588