UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY GOMES, GUARDIAN OF THE ESTATE ) | C.A. NO. 04CV11464-MLW |
| OF RICHARD P. GOMES, and MARY GOMES, ) | |
| INDIVIDUALLY ) | |
|         Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| THE CITY OF BROCKTON, THE TRIAL ) | |
| COURT OF THE COMMONWEALTH OF ) | |
| MASSACHUSETTS, JESSE DRANE, and ) | |
| ONE OR MORE UNKNOWN NAMED ) | |
| OFFICERS OF THE BROCKTON POLICE ) | |
| POLICE DEPARTMENT ) | |
|         Defendants | |

### MEMORANDUM OF THE DEFENDANT, THE CITY OF BROCKTON, IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

I. **FACTS**

Plaintiff alleges that her ward sustained injury while in the custody of the Brockton Police Department. The theories of liability against the City of Brockton include Fourteenth Amendment Due Process Violation, Violation of the American With Disabilities Act, civil rights violation, and negligence. (See Plaintiff's Complaint.)

With respect to the claim for negligence, the theory of liability against the City, as set forth in Plaintiff's presentment letter, is that the City "negligently failed to devise and promulgate policies and procedures to ensure the provision of critical medical care or treatment for known or constructively known chronic conditions suffered by persons who are in their custody. To the extent the City has derived or promulgated such regulations and

procedures, [it] negligently failed to provide adequate supervision and training to their personnel with respect to such policies and procedures." (Plaintiff's Presentment Letter, Exhibit "K".)

II.  *SUMMARY JUDGMENT STANDARD*

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Courts examining the evidence must insist that the party opposing summary judgment go beyond the pleadings, and by his or her "own affidavits, or by the depositions, answers to interrogatories or admissions on the file, designate specific facts showing that there is a genuine issue for trial." Petiti v. New England Telephone and Telegraph Co., 909 F.2d 28, 31 (1990).

III.  *ARGUMENT*

A.  **PLAINTIFF CANNOT, AS A MATTER OF LAW, PREVAIL ON HER CLAIMS PURSUANT TO 42 U.S.C. §1983**.

The Plaintiff cannot establish a claim for violation of 42 U.S.C. §1983 because she cannot establish the existence of a policy or custom that caused Richard's injury. To make out a case for municipal liability under 42 U.S.C. §1983, the Supreme Court has repeatedly held that "liability can be found only 'where the municipality itself causes the constitutional violation at issue.' Respondeat superior or vicarious liability will not attach under §1983." Santiago v. Fenton, 1891 F.2d 373, 381 (1st Cir. 1989.)

The record contains no evidence that Brockton had a policy which precluded jailors from receiving medical attention. In fact, the record establishes that it is, and was at all relevant times, the policy and procedure of the City of Brockton and the Police Department that prisoners in the cell block be checked every 15 minutes, and that if a prisoner appears to be in need of medical attention, either a doctor shall be summoned or the prisoner transported by ambulance to the hospital. The officer in charge of the prisoner shall notify the shift supervisor of any prisoner in need of medical attention, and the shift supervisor shall make the decision as to whether to summon a physician or transport the prisoner to the hospital. (See Exhibit "I" and "J".)

There is no evidence that the procedures in place caused Plaintiff's injuries, nor can the policy be reasonably construed to be designed so as to deprive Richard Gomes of his constitutional rights. Likewise, there is no evidence to support a claim that a city employee misapplied the policy, resulting in a deprivation of a constitutional right. Even if this were the case, the fact that a municipal employee may have employed a policy or guideline in an unconstitutional manner is insufficient to impose liability upon the municipality itself. Bd. of County Commr's. v. Brown, 520 U.S. 397, 403 (1997).

B. **PLAINTIFF CANNOT PREVAIL ON HER CLAIMS PURSUANT TO 42 U.S.C. §1985(3)**.

Like claims brought under 42 U.S.C. §1983, there is no vicarious liability under 42 U.S.C. §1985(3) on the part of superior officials for the actions of their subordinates unless the superior actually directed or participated in the alleged violation of Plaintiff's

3

constitutional rights. Pinto v. Nettleship, 737 F.2d 130 (1st Cir. 1984). In the instant case, Plaintiff is unable to prove that any individual directed or participated in a violation of Richard Gomes's constitutional rights, let alone that any superior directed or participated in the alleged violation. Therefore, Plaintiff's claim under §1985(3) must fail for this reason.

Furthermore, in order to establish a violation of §1985(3), Plaintiff must establish a "conspiracy" to deprive the Plaintiff of a constitutional right. This requires a showing by the Plaintiff of an agreement by two or more persons to commit an unlawful act, coupled with an intent to achieve the agreement's objective, and an action or conduct that furthers the agreement. *Black's Law Dictionary,* 8th Ed. There is no proper evidentiary proffer to support any allegation that the City of Brockton, its agents, servants or employees, acted in concert so as to deprive Richard Gomes of a constitutional right.

C. **PLAINTIFF CANNOT PREVAIL ON HER CLAIMS AGAINST THE CITY FOR VIOLATION OF THE AMERICAN WITH DISABILITIES ACT.**

The Plaintiff cannot establish a claim for violation of 42 U.S.C. §12132 because she cannot establish that Richard was excluded from participating in or denied benefits of services, programs, or activities of the Brockton Police Department based on his diabetic condition. To make out a case for violation of the American With Disabilities Act (hereinafter "ADA"), Plaintiff, must establish that a qualified individual with a disability was excluded from participation in or denied the benefits of services, programs, or activities of a public entity or was subjected to discrimination by any such entity by reason of said

disability. 42 U.S.C. §12132; Shedlock v. Department of Correction, 442 Mass. 844, 848 (2004).

The record establishes that Brockton police officers checked on the well-being of Richard every 15 minutes and upon finding Richard in need of medical attention, summoned an ambulance to transport Richard to the hospital. (See Prisoner Watch Form, Co-Defendant's Exhibit "G".) There is no evidence that Richard was denied access to medical treatment because of his diabetes. Though Plaintiff alleges that the police officer on duty at the front desk refused to take Richard's insulin kit, this fact, if true, is irrelevant because there is no competent evidence establishing that Richard was in need of insulin, or that a lack of insulin caused or contributed to Richard's injury.

### D. PLAINTIFF CANNOT PREVAIL ON HER CLAIMS AGAINST THE CITY FOR NEGLIGENCE.

Plaintiff cannot prevail on her claim for negligence against the City of Brockton because she cannot establish that the City failed to promulgate policies and procedures to ensure the provision of critical medical care for known or constructively known chronic conditions suffered by persons who are in their custody. (See Plaintiff's Presentment Letter, Exhibit "K".) Gen. Law, ch. 258, §4 provides, in relevant part, that: "[a] civil action shall not be instituted against a public employer on a claim for damages under this Chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose." "Presentment ensures that the responsible public official receives notice of the claim so that

the official can investigate to determine whether or not a claim is valid, preclude payment of inflated or non-meritorious claims, settle valid claims expeditiously, and to take steps to ensure that similar claims will not be brought in the future." <u>Lodge v. District Attorney for the Suffolk District</u>, 21 Mass.App.Ct. 277, 284 (1985).

In Plaintiff's presentment letter, the sole theory of recovery against the City of Brockton is that the City "negligently failed to devise and promulgate policies and procedures to ensure the provision of critical medical care or treatment for known or constructively known chronic conditions suffered by persons while in their custody. To the extent that ...the city [has] devised or promulgated such regulations and procedures, both have negligently failed to provide adequate supervision and train [its] personnel with respect to such policies and procedures." (See Exhibit "K".)  The undisputed facts show that there was a policy and procedure in place with respect to providing medical care for prisoners. Specifically, prisoners in the cell block shall be checked every 15 minutes and, if a prisoner requires medical attention, a physician should be notified or the prisoner shall be conveyed to the hospital.  (See Deposition of Chief Conlon and Brockton Police Department Duties of Department Members attached hereto as Exhibits "I" and "J" respectively.)  The documentary evidence establishes that Mr. Gomes, while in the cell block, was observed every 15 minutes and, once it was determined that Mr. Gomes was in need of medical attention, an ambulance was summoned, and he was transported to the Brockton Hospital.

6

(See Brockton Police Department Prisoner Watch Form attached as Defendant, Drane's Exhibit "G".)

Furthermore, though for purposes of summary judgment, the Defendant concedes that Richard Gomes had a seizure while in the custody of the Brockton Police Department, there is no contemporaneous medical record or expert opinion which establishes its etiology. Plaintiff's negligence claim must, therefore, fail because Plaintiff cannot prevail on the theory of liability contained in the presentment letter, nor can Plaintiff establish a nexus between any alleged negligence and Richard's seizure.

IV. **CONCLUSION**

WHEREFORE, the Defendant, the City of Brockton, requests this Honorable Court enter summary judgment as to all Counts against it as Plaintiff cannot meet her burden of proof to make out a prima facie case against the City of Brockton.

> Respectfully submitted,
> The City of Brockton
> By its Attorneys,
>
> WYNN & WYNN, P.C.
>
>   /s/ John A. Walsh
> John A. Walsh BBO #560072
> 90 New State Highway
> Raynham, MA 02767
> (508) 823-4567

## ***CERTIFICATE OF SERVICE***

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 24, 2006.

                        /s/ John A. Walsh
                        John W. Walsh