UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY GOMES, GUARDIAN OF THE ESTATE )<br>OF RICHARD P. GOMES, and MARY GOMES, )<br>INDIVIDUALLY )<br>        Plaintiffs )<br>)<br>v. )<br>)<br>THE CITY OF BROCKTON, THE TRIAL )<br>COURT OF THE COMMONWEALTH OF )<br>MASSACHUSETTS, JESSE DRANE, and )<br>ONE OR MORE UNKNOWN NAMED )<br>OFFICERS OF THE BROCKTON POLICE )<br>POLICE DEPARTMENT )<br>        Defendants ) | C.A. No. 04CV11464-MLW |

**_LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS OF THE DEFENDANT, CITY OF BROCKTON IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT_**

The Defendant, the City of Brockton, adopts and incorporates by reference the Local Rule 56.1 Statement of the Co-Defendant, Jesse Drane. In addition, the Defendant, the City of Brockton, submits the following additional undisputed facts:

32. With respect to the care and handling of prisoners, it is the policy of the City of Brockton that:

> "If [a] prisoner requires medical attention, summon a physician or, if necessary, have him conveyed to a hospital.
>
> When a prisoner is unconscious for any cause, immediately attempt to restore consciousness, arrange for immediate definitive medical attention and thereafter attempt to restore consciousness. Allow no unconscious prisoner to be placed [sic] in a cell except with the approval of a physician.
>
> Prisoners in a cell block are checked every 15 minutes to insure their well being and if a prisoner is found to be in need of medical attention, the shift commander is informed and is responsible for insuring that the policy is executed."

      (See Policies and Procedures of Brockton Police Department authenticated by Affidavit of Brockton Police Chief William Conlon attached hereto as Exhibit "I" and Deposition testimony of Brockton Police Chief William Conlon, pp. 18 and 32 attached as Exhibit "J".)

33. As part of the City of Brockton's in-service training for police officers, there is yearly instruction with respect to medical care which includes instruction on recognizing signs of diabetic shock and how to respond to same. (Exhibit "J" at pp. 34 and 35.)

34. According to Plaintiff's presentment letter, her theory of negligence as against the City is that it "negligently failed to devise and promulgate policies and procedures to ensure the provision of critical medical care or treatment for known or constructively known chronic conditions suffered by persons while in their custody. To the extent that . . . the city [has] devised or promulgated such regulations and procedures, both have negligently failed to provide adequate supervision and train [its] personnel with respect to such policies and procedures." (See Exhibit "K".)

          Respectfully submitted,
          The City of Brockton
          By its Attorneys,
          WYNN & WYNN, P.C.

          /s/ John A. Walsh
          John A. Walsh BBO #560072
          90 New State Highway
          Raynham, MA 02767
          (508) 823-4567

### CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 24, 2006.

          /s/ John A. Walsh
          John W. Walsh