JOHN F. DOHERTY
ATTORNEY AT LAW
21 TORREY STREET
BROCKTON, MA 02301

(508) 588-3978

VIA CERTIFIED MAIL, RRR
and First Class Mail

December 26, 2001

Hon. Barbara A. Dortch-Okara           Thomas Plouffe, Esquire
Chief Justice for Admin. & Mngmnt.     City Solicitor
Trial Court of Massachusetts           Law Department
Administrative Office of the Trial Court   City Hall
2 Centre Plaza, Suite 540              45 School Street
Boston, Massachusetts 02108            Brockton, MA 02301
    Art. No. 70020460000031676033          Art. No. 70020460000031676040

Thomas F. Reilly, Attorney General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
    Art. No. 70020460000031676057

    RE:  Mary Gomes, Individually and as Guardian of Richard Gomes
    vs.  The Trial Court of the Commonwealth of Massachusetts;
         the City of Brockton; et al.

Date of Loss: June 25, 2001

**PRESENTMENT / DEMAND PURSUANT TO G. L. C. 258[1]**

Your Honor, Mr. Attorney General and Solicitor Plouffe:

    Written presentment of the claims of my clients, Mary Gomes, individually and as guardian of Richard Gomes, against the Commonwealth of Massachusetts, Department of the Trial Court, the City of Brockton, and their respective agents and servants, is hereby made upon you pursuant to the relevant provisions of the Massachusetts Tort Claims Act,

---

[1] This presentment/demand also constitutes an offer in compromise. As a result, all statements of fact made herein are made without prejudice.

TO: Hon. Dortch-Okara; Atty. Gen. Reilly; and Thos. Plouffe, Esq.
RE: Mary Gomes, Ind. and Guard. of Richard Gomes vs. Comm., et al.

Page 2 of 5
Dec. 26, 2002

G. L. c. 258, § 1 *et seq.*. The claims arise from severe bodily injuries suffered by Richard P. Gomes in connection with the conditions in which he was taken, and held in custody by the Brockton Police Department, or or about June 25, 2001, and the Trial Court Department, at the Brockton District Court at 215 Main Street, Brockton, MA, on or about June 26, 2001.

### Facts

Brockton Police officers arrested Mr. Gomes on June 25, 2001, in the parking lot of the CVS Pharmacy located on South Main Street, in Brockton, MA, for shoplifting food from a nearby Shaws Supermarket. This arrest was without probable cause as the police reports of the incident establish that Mr. Gomes had abandoned whatever unpaid for items were in his possession prior to his exiting Shaws. Nonetheless, Mr. Gomes was taken into custody by Brockton Police Officer Jesse Drane, Jr. for shoplifting and transported to Brockton Police headquarters, at 7 Commercial Street, Brockton, MA.

During the booking procedure, Mr. Gomes repeatedly advised all those present that he was an insulin dependant diabetic and that he needed his insulin to prevent diabetic shock or coma. He asked the officers to contact his mother, Mary Gomes, at her home just a few miles away in Brockton, and asked that they request her to bring to the station his insulin kit. He was told it would be "taken care of."

That same day, between 5:30 p.m. and 6:00 p.m., Mr. Gomes' then girlfriend, Taleese Pina, arrived at police headquarters at 7 Commercial Street, Brockton and told the police officer then and there in charge that she would like to see Richard Gomes because he was a diabetic and she wanted to see his physical condition. She told the officer that she had Mr. Gomes' insulin kit with her and that it should be given to him to prevent him from getting sick. The police officer took the kit and told her that he would get it to Richard Gomes. Ms. Pina then left the police station.

A few hours later, at approximately 8:30 p.m., Mr. Gomes' mother, Mary, and his brother, Joseph, arrived at the Brockton Police headquarters to check on his condition. Again the officers then and there in charge were informed that Richard Gomes needed insulin and if he wasn't able to get it, he could have a diabetic shock or coma. Mary and Joseph were told that the problem would be taken care of and that Richard would be taken to the Brockton District Court on Tuesday, June 26, 2001, and arraigned on the shoplifting charge.

Mr. Gomes was kept in custody in the Brockton Police Department "lock up" at 7 Commercial Street, Brockton until the morning of June 26, 2001. At no time was he given the insulin that had been left for him; at no time was he given medical treatment; at no time was he examined by any medical personnel, or transported in custody to a medical facility for examination and/or treatment. Throughout the period of his custody he continued to tell police department personnel that he was a diabetic and that he needed insulin.

TO: Hon. Dortch-Okara; Atty. Gen. Reilly; and Thos. Plouffe, Esq.  Page 3 of 5
RE: Mary Gomes, Ind. and Guard. of Richard Gomes vs. Comm., et al.  Dec. 26, 2002

On June 26, 2001 Mr. Gomes was taken to the Brockton District Court at 215 Main Street, Brockton and delivered into the custody of court officers of the Massachusetts Trial Court Department and placed into a cell to await arraignment. Again, he told his jailers (now court officers of the Trial Court Department) that he was a diabetic and that he was ill and needed his insulin as he could go into a diabetic shock or coma. He was ignored.

Before 10:00 a.m. on June 26, 2001, while at the Brockton District Court, Richard P. Gomes collapsed and was taken to the Brockton Hospital in a diabetic coma. Shortly thereafter, with Mr. Gomes absent, the Court dismissed the charges against him.

After treatment at the Brockton Hospital, while still comatose, he was transported and admitted to the Lemuel Shattuck Hospital where he remained in diabetic coma until September 2001. From there he was then transported and admitted to the Massachusetts General Hospital where he was a patient until July, 2002. He is presently a patient at the Greenery Rehabilitation & Skilled Nursing Center at Middleboro, 23 Isaac Street, Middleboro, MA 02346.

### Claims

#### Injuries Caused

As a result of being deprived of relatively simple and inexpensive, though obviously critical, medical care -- which he was unable to administer himself because of his custodial status -- Mr. Gomes has suffered severe brain injuries. Due to his brain injuries he is now administered, against his will, anti-psychotic medication pursuant to a medical plan approved by the Probate and Family Court. These brain injuries are permanent, and Mr. Gomes' continuing medical expenses is anticipated to be very high. He has permanently lost the quality of his life, his health and happiness. His mother, Mary Gomes, has forever lost his society, companionship, love and affection.

#### Negligence

The injuries described above were the direct and proximate result of the negligent breach, by the Commonwealth of Massachusetts, Department of the Trial Court, the City of Brockton, and their respective agents and servants, of duties owed (a) pre-trial detainees generally, (b) pre-trial detainees with known or constructively known physical disabilities, and (c) Mr. Richard Gomes particularly. Those duties include the duty to provide, allow or arrange for critical medical care or treatment for known or constructively known chronic conditions suffered by persons who are in their custody and which persons, because of their custodial status, are prevented or disabled from arranging or providing such care for themselves. Mrs. Gomes, on behalf of herself and her son Richard, alleges that the city and the Commonwealth negligently failed to devise and promulgate policies and procedures to ensure the provision of critical medical care or treatment for known or constructively known chronic conditions suffered by persons who are in their custody. To the extent that the Commonwealth and the city have devised or promulgated such regulations and procedures, both have negligently failed to provide

TO: Hon. Dortch-Okara; Atty. Gen. Reilly; and Thos. Plouffe, Esq.   Page 4 of 5
RE: Mary Gomes, Ind. and Guard. of Richard Gomes vs. Comm., et al.   Dec. 26, 2002

adequate supervision and training to their personnel with respect to such policies and procedures. The negligent breaches of these duties were the actual and legal cause of the above-described injuries to Richard Gomes and his mother.

### Deprivation of Civil Rights

Mr. Gomes' arrest, and the subsequent custodial conditions suffered by him at the hands of the City of Brockton and the Trial Court also resulted in the deprivation of certain civil rights guaranteed Mr. Gomes under the constitution and laws of the United States and the Commonwealth of Massachusetts. Among those rights were:

His Fourth Amendment right to be secure in, and free from unreasonable seizure of, his person;

His Fourteenth Amendment right to be free from deprivation of life and liberty without due process of law;

His Fourteenth Amendment right to equal protection under the laws;

His right under the laws to be free from discriminatory treatment, during pre-trial confinement, based upon his disability as an insulin dependant diabetic person;

Such other rights, including those set forth above which are guaranteed under the law and the Constitution of the United States by the Provisions of the Fourth and Fourteenth Amendments to the United States Constitution, and 42 United States Code sections 1981, 1983, 1986, and 1988.

Such other rights which are guaranteed under the laws of the Commonwealth of Massachusetts, and the Massachusetts Declaration of Rights to the Constitution of the Commonwealth of Massachusetts, the Massachusetts Civil Rights Act, G. L. c. 12, § 11H & 11I, and the common law of Massachusetts.

### Demand

On behalf of Mary Gomes, individually and as guardian of Richard Gomes, I hereby demand that the Commonwealth of Massachusetts, Department of the Trial Court, and the City of Brockton compensate her son and herself for the above described injuries caused by their respective negligent acts and omissions, by their deprivations of Mr. Gomes civil rights, or caused by the indemnifiable negligent conduct or civil rights deprivations engaged in by their respective agents and servants, by paying to her: **FIVE MILLION DOLLARS ($5,000.000.00).**

In accordance with the relevant provisions of G. L. c. 258, you have six (6) months to investigate and respond to these claims. At the expiration of said period, if

07/19/2006  09:03  5085807112  LAW DEPT

Case 1:04-cv-11464-MLW   Document 50-4   Filed 07/24/2006   Page 5 of 5

TO: Hon. Dortch-Okara; Atty. Gen. Reilly; and Thos. Plouffe, Esq.                Page 5 of 5
RE: Mary Gomes, Ind. and Guard. of Richard Gomes vs. Comm., et al.              Dec. 26, 2002

these claims have not been compromised by you, I intend to commence the appropriate civil action on behalf of my clients.

Respectfully:

*[signature: John F. Doherty]*

John F. Doherty

JFD/pja: gomesr2.27

Case 1:04-cv-11464-MLW   Document 50-4   Filed 07/24/2006   Page 5 of 5
TO: Hon. Dortch-Okara; Atty. Gen. Reilly; and Thos. Plouffe, Esq.                Page 5 of 5
RE: Mary Gomes, Ind. and Guard. of Richard Gomes vs. Comm., et al.              Dec. 26, 2002