# COMMONWEALTH OF MASSACHUSETTS

_____District Court             Docket No._____

## PROPOSED TREATMENT PLAN/AFFIDAVIT FOR:

### Richard Gomes

I, Anna Georgiopoulos, MD of Massachusetts General Hospital Hospital, hereby petition this Court for a determination in accordance with applicable provisions of law that the above-named patient is incompetent by reason of being incapable of making informed decisions concerning the medical treatment provided herein, and that the Court, applying the required legal standard, authorize treatment with antipsychotic medications.

Antipsychotic Medication/Treatment of Choice:
    Quetiapine 25-800 mg/day

Alternative Antipsychotic Medications:
    Risperidone 0.5-10 mg/day
    Olanzapine 2.5-20 mg/day
    Ziprasidone 20-160 mg/day
    Haloperidol 0.5-50 mg/day
    Chlorpromazine 10-2000 mg/day
    Fluphenazine- 0.5-40 mg/day
    Perphenazine 2-64 mg/day
    Clozapine 12.5-900 mg/day

I.   FACTORS SUPPORTING FINDING OF INCOMPETENCY

In support of the request for a determination of incompetence, the following factors are alleged:

Mr. Gomes is a 40 year old man admitted to Massachusetts General Hospital on 9/4/01. He has a history of brittle diabetes complicated by seizures, substance abuse, and psychosis, as well as anoxic brain injury that occurred in June, 2001, following a seizure. He was in a coma for one and a half weeks afterwards, and has remained in a persistent encephalopathic state, with a Mini Mental Status exam of 9/30 and severe deficits on neuropsychological testing performed by Mary Moskowitz, PhD. His cognitive dysfunction is severe and marked by disorientation, perseveration, poor executive function and short term memory deficits, creating an inability to care for himself. He has had episodes of agitation, paranoia and behavioral dyscontrol, hearing voices at times, requiring treatment with mood stabilizers and antipsychotics. Based on these findings, he has been diagnosed with anoxic brain injury and psychosis NOS. He has extremely poor insight and judgement into his medical condition, which could result in a life-threatening dyscontrol of diabetes and seizures without supervision.

**He lacks decisional capacity for the following reasons:**

1) Knowledge of his medical condition is inadequate. He is unable to understand and retain basic information crucial to control of his diabetes and seizures due to severe short term memory deficits resulting from anoxic brain injury.

2) Knowledge of risks and benefits of accepting or refusing treatments is inadequate. He is unable to understand and retain basic information about risks and benefits of treatments due to severe short term memory deficits resulting from anoxic brain injury.
3) Ability to rationally manipulate data relevant to decisions is inadequate. He evidences extremely poor reasoning ability and is illogical and tangential, without ability to think problems through in a systematic way.
4) Ability to express choice is impaired. He is frequently unable to remember what he has recently done or decided to do in terms of self-care activities (eating, grooming) and medical treatment. Although he expresses strong opinions at times, he often changes his mind rapidly in the space of several minutes.

**He lacks functional capacity for the following reasons:**
He is unable to independently manage his medical problems, including diabetes and seizures, putting him at high risk of death if unsupervised. During hospitalization he has been unable to regulate his diet appropriately without assistance. Due to anoxic brain injury, he often cannot remember whether he has eaten, resulting in difficulty controlling his diabetes. He is severely distractible and perseverative, demonstrating poor judgement and requiring constant redirection and assistance with basic self-care activities. In addition, his behavior is often socially inappropriate, and he has had episodes of threatening and aggressive behavior.

II.   FACTORS IN SUPPORT OF SUBSTITUTE JUDGMENT FINDING

In support of the request for authorization for treatment with antipsychotic medications or any other extraordinary treatment on the basis of the required substituted judgment test, the following factors are alleged:

1) Patient has been accepting medications during hospitalization.
2) We are not aware of any religious convictions that would affect treatment.
3) Family members involved in the patient's care are supportive of treatment.
4) Patient is at standard risk to adverse side effects from medications.
5) Prognosis with treatment is good. Although the patient's anoxic brain injury is unlikely to improve, treatment with antipsychotic medications is expected to improve quality of life by decreasing hallucinations, paranoia, and behavioral dyscontrol. Treatment of these symptoms during hospitalization has allowed the patient to accept medications to treat his serious medical conditions and has decreased outbursts of impulsive violent behavior which have placed the patient and others at substantial physical risk.
6) Prognosis without treatment is very poor, with a high risk of death from uncontrolled medical comorbidities within days.

Date: 10/11/01

Anna Georgiopoulos, M.D.