UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARY GOMES, GUARDIAN OF THE ESTATE OF RICHARD P. GOMES; et al.<br>*Plaintiffs*,<br><br>*vs.*<br><br>THE CITY OF BROCKTON; et al.<br>*Defendants*. | CIVIL ACTION<br>No. **04-11464 MLW** |

## JOINT MOTION TO CONTINUE TRIAL DATE, AND ASSOCIATED DEADLINES, THIRTY (30) DAYS IN FURTHERANCE OF ANTICIPATED SETTLEMENT

NOW COME THE PARTIES to the still pending claims before this court[1], the plaintiffs and the defendant, the City of Brockton, and respectfully move that this Court continue for thirty (30) days the trial date, currently scheduled for February 12, 2007, along with all associated pre-trial deadlines.

As reasons therefore the parties state as follows:

1. The parties waited to engage in meaningful settlement discussions until after this court ruled on January 3, 2007, on the defendant, City of Brockton's, motion for summary judgment.

2. Counsel for the parties have since engaged in some meaningful settlement discussion, and anticipate that settlement is reasonably likely, if the following obstacle to settlement my be significantly overcome: a MassHealth lien, pursuant to Mass. Gen. Laws ch. 18,

---

[1] The plaintiffs, and the defendant City of Brockton, are the only parties to the still pending claims. This court has previously entered orders allowing separate motions for summary judgment made by the defendant Jesse Drane and the defendant Commonwealth of Massachusetts. The plaintiffs, by their counsel, have acknowledged upon the record in open court that they are not pursuing any claims against the "unnamed Brockton Police Officers" appearing in the caption of the complaint and that such persons have never been served and are not parties.

sec. 5G, and Mass. Gen. Laws ch. 118E, sec. 22, which was in the amount of $436,602.08, as of May 24, 2005.

3. The lien presents a significant obstacle for several reasons, the most important of which are the following:

first, it completely exhausts that amount that the defendant's insurer, the Massachusetts Insurers Insolvency Fund established pursuant to Mass. Gen. Laws ch. 175D, § 1 *et seq.*, maintains is the absolute limit of its liability for all claims in this case – $299,999.99 – under both the statute and the insurance policy to which it succeeded. *See* Mass. Gen. Laws, ch. 175D, § 5(a)(1);

second, the defendant's insurer, the Massachusetts Insurers Involvency Fund, believes in good faith that under the insurance policy to which it has succeeded, it may be required to include in the settlement discussions, and to obtain an assent to any settlement from its insured, the City of Brockton, by its counsel, City Solicitor James D'Ambrose; and third

third, the responsibility of the defendant, the City of Brockton, to indemnify any of its agents or employees for negligence under G. L. c. 258, § 2, is capped at $100,000.00.[2]

4. Plaintiff's counsel has contacted and has established a working relationship with a representative of the state agency – The Recovery Unit of the Massachusetts Executive Office of Health and Human Services ("The Recovery Unit") – whose authority and discretion encompasses compromise of the lien that is the obstacle to settlement. This representative of the Recovery Unit has orally indicated that – if his due diligence investigation corroborates the facts and circumstances represented by plaintiffs' counsel – then he would be inclined to exercise his discretion to provide significant relief from the lien.

---

[2] A fourth, and certainly not insignificant reason, is that the lien holder is not required to compensate counsel for the plaintiffs – who is prosecuting the case on a contingent fee basis – should he recover the liened amount or any lesser portion thereof. As counsel for the City of Brockton is unlikely to agree to any settlement beyond the claimed Insolvency fund limit of $299,999.00 (so as to not expose the city to any uninsured liability) those limits would be exhausted by the $436,602.38 lien. Thus, even to the extent that the plaintiffs ward could be deemed to have been compensated (by partial retirement of the lien), the consortium / consequential damages plaintiff, Mary Gomes, Individually, and plaintiffs' counsel would receive no recovery or compensation.

5. On January 9, 2007, the representative of the Recovery Unit with whom plaintiff's counsel has established the working relationship for the compromise of this lien informed counsel that he was undergoing major surgery on January 11, 2007, and that he would be out of work for a period of one month. He further indicated that would be unable to do any follow-up or due diligence investigation, and to process the necessary work, for at least the first two to three weeks after his surgery.

WHEREFORE, the parties to the pending claims before this court that are currently scheduled for trial to commence February 12, 2007, respectfully request that this Honorable Court continue that trial date, and all associated pretrial dates, thirty (30) days, to allow the parties address obstacles to settlement that are not within their exclusive control, and to engage in meaningful negotiations toward such a settlement.

Respectfully submitted,

| | |
|---|---|
| MARY GOMES, INDIVIDUALY and as GUARDIAN OF THE ESTATE OF RICHARD GOMES, *Plaintiffs* By their attorney: | THE CITY OF BROCKTON, *Defendant* By its attorney: |
| /s/ Paul J. Adams | /s/ John A. Walsh |
| Paul J. Adams,   MA BBO No. 568173 LAW OFFICE OF PAUL ADAMS One Centre Street, 3rd Floor Brockton, MA  02301 Tel. (508) 583-2019 | John A. Walsh,   MA BBO No. 560072 WYNN & WYNN, P.C. 90 State Highway Raynham, MA  02767 Tel. (508) 823-4567 |

Dated: *January 12, 2007*

CERTIFICATE OF SERVICE

      I hereby certify that on this date the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent via first class mail, postage prepaid, to those indicated as non-registered participants.

Dated: *January 12, 2007*                                           /s/ Paul J. Adams