UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARY GOMES, GUARDIAN OF THE )
ESTATE OF RICHARD P. GOMES; et al. )
                          *Plaintiffs*, )
                                        )
                   *vs.*                         )
                                        )
THE CITY OF BROCKTON; et al. )
                      *Defendants*. )

CIVIL ACTION
No. **04-11464 MLW**

## ANSWERS TO INTERROGATORIES PROPOUNDED BY THE DEFENDANT, THE CITY OF BROCKTON TO THE PLAINTIFF, MARY GOMES

1. Please state your full name, date of birth, residential and business addresses, social security number, marital status, the name(s) and date(s) of birth of your child(ren), if any, and the date of Plaintiff, Mary Gomes' appointment as guardian of Richard P. Gomes, together with applicable court and docket number corresponding to said appointment.

1A.
| | |
|---|---|
| Name: | Mary Rodrigues Gomes |
| D/O/B: | May 15, 1934 |
| Home: | 788 Pearl St., Brockton, MA 02301 |
| Bus.: | (no business address) |
| SSN: | 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 |
| Marital Stat.: | Single (divorced, ex-husband deceased) |
| Children: | Anna Maria (Gomes) Ford; d/o/b: February 13, 1952 |
| | Mary (Gomes) Pinto; d/o/b: March 28, 1954 |
| | Benjamin Gomes; d/o/b: August 3, 1956 (deceased - cancer) |
| | Joseph Gomes; d/o/b: February 25, 1959 |
| | Richard Gomes; d/o/b: August 13, 1961 |
| | Mina (Gomes) Soares; d/o/b: November 1, 1963 |

Appointment: December 14, 2001
Commonwealth of Massachusetts Probate and Family Court Dept.
Plymouth Division, Docket No. 01P1541-GI1

2. Please provide a complete and detailed recitation of Richard Gomes' educational history, commencing with high school, indicating all degrees or certificates conferred, and dates of same.

2A. Richard attended Boston Public Schools until we moved to Brockton. Richard's last schooling that I remember is when he attended West Junior High School in Brockton, MA.

3. Please provide a complete and detailed recitation of Richard Gomes' work history, commencing subsequent to his graduation from high school, providing in your response:

   a. The identities and addresses of all employers;

   b. The inclusive dates of his employment with each such employer;

   c. The identity of his immediate supervisor at each place of employment;

   d. His gross compensation at each place of employment;

   e. His reason for leaving such place of employment.

3A. I remember Richard worked for the Polaroid Corporation in Norwood. I do not remember the years or any of his other employers. Attached to these answers as <u>Exh. A</u> is a copy of the Itemized Statement of Earnings for Richard provided to our attorneys by the Social Security Administration, which appears to be Richard's complete employment history, except for any "under the table" jobs he might have had.

4. Please state any injury or illness, whether emotional, mental or physical from which either plaintiff suffered in the five (5) year period prior to the occurrences set forth in the Complaint.

4A. Other than the diabetes and a drug problem, I am unaware at this time of any other injury or illness suffered by Richard in the five (5) year period prior to the occurrences set forth in the Complaint. I am awaiting medical records from different health care providers that I know Richard went to during that period and will supplement this interrogatory when I get them. A more comprehensive history of Richard's illnesses, medical and psychological history is available from his Social Security disability file which I have requested and which is currently available for review in the Brockton office of the Social Security Administration. I will provide any necessary release for you to review these records by arrangement with their local custodian, Mr. Allen Macleod, Social Security Administration, Federal Building, 166 Main Street, Brockton, MA 02301, Tel. 508/559-5345, e-mail: allen.macleod@ssa.gov.

I myself have chronic conditions of high blood pressure, back pain, and anemia from which I have had since prior to Richy being hurt by going into the coma.

5. Please provide the name and address of each person (other than your attorneys) known by you to have witnessed or to have knowledge concerning the occurrences set forth in the

Complaint.

5A. Plaintiffs have already provided this discovery to defendants in the form of EXHIBIT "A" to Plaintiffs' Supplement of Automatic Disclosures, dated May 19, 2005.

6. Please state:

    a. The name and address of each person whom your or your attorney expect to call as an expert witness at the trial of this action;

    b. The subject matter on which each expert is expected to testify;

    c. The substance of the facts and opinions to which expert is expected to testify; and

    d. The grounds for each such opinion of each expert witness (The plaintiff is further respectfully referred to Fed.R.Civ.P. 26(a)(2)(B) with respect to further disclosure of expert information.)

6A. Plaintiffs have yet determine who, if anyone, they will designate as expert(s) witness(es) for trial. Plaintiffs will provide expert discovery in accordance with the court's scheduling order, the Federal Rules of Civil Procedure and local rule.

7. Please given an account, itemized as fully and completely as possible, of all losses which each plaintiff or their legal representatives are claiming were incurred as a result of the occurrences set forth in the Complaint, including but not limited to those losses which are attributable to hospital, medical or mental health care and treatment, loss of earnings and loss of earning capacity.

7A. Plaintiffs are in the process of gathering medical bills and other relevant information necessary to provide a full and complete answer to this interrogatory. Plaintiffs have also previously provided this defendant with signed HIPAA Releases / Authorizations for each of the providers who treated the plaintiff's ward to enable this defendant to obtain the documents that contain the requested information themselves. According to the Medicaid Lien, a copy of which is produced today with plaintiffs' response to this defendant's first request for production of documents, the medical bills incurred to date as a result of the injuries suffered by the plaintiff's ward is over four hundred thirty-six thousand dollars ($436,000.00). Plaintiffs also expect that the expert testimony will be offered in regard to future medical care, life expectancy, permanent impairment and loss, lost wages and impaired quality of life. When plaintiffs have obtained the necessary information regarding past bills, expenses, wages, etc., plaintiffs will seasonably supplement their answer to this interrogatory. With regard to to future medical care, life expectancy, permanent impairment and loss, lost wages, impaired quality of life and other subjects which are expected to be the subject of expert testimony, Plaintiffs will provide expert discovery in accordance with the court's scheduling order, the Federal Rules of Civil Procedure and local rule.

8. Please set forth in full and complete detail the nature and extent of all injuries, physical, emotional or mental in nature, allegedly suffered by each plaintiff as a result of the occurrences set forth in the Complaint, including in your response:

    a. The name and address of each hospital, medical professional and mental health professional which rendered treatment to you, providing a complete description of the treatment you received, and the inclusive dates thereof;

    b. The dates between which you were absent from your employment and/or school as a result of the occurrences set forth in the Complaint.

8A. Plaintiffs are in the process of gathering medical records and other relevant information and other relevant information necessary to provide a full and complete answer to this interrogatory. Plaintiffs have also previously provided this defendant with signed HIPAA Releases / Authorizations for each of the providers who treated the plaintiff's ward to enable this defendant to obtain the documents that contain the requested information themselves. With regard to mental condition, status and prognosis of plaintiff's ward, plaintiffs expect such information to be the subject of expert testimony, Plaintiffs will provide expert discovery in accordance with the court's scheduling order, the Federal Rules of Civil Procedure and local rule. Plaintiffs, as part of mandatory initial disclosures and seasonable supplements thereto have already provided the defendants with a list of the medical providers. Plaintiffs have also previously provided this defendant with signed HIPAA Releases / Authorizations for each of the providers who treated the plaintiff's ward to enable this defendant to obtain the documents that contain the requested information themselves. Plaintiff Mary Gomes, whether individually or as ward, is not a medical professional and is without the requisite knowledge to personally answer this interrogatory to the extent it seeks medical information beyond simple lay understanding.

9. Please indicate whether either plaintiff has been convicted of, or pled guilty to, a crime. If your answer is in the affirmative, please provide:

    a. A description of the crime of which were convicted;

    b. The date, court and docket number of each such conviction.

**OBJECTION:** To the extent that this interrogatory seeks evidence of a criminal conviction that cannot be used at trial, this interrogatory is not reasonably likely to lead to the discovery of admissible or relevant evidence. Specifically, with regard to the plaintiff ward Richard Gomes, the brain injury he suffered is likely to disqualify him as a witness at the trial of this matter as his mental status and memory are such that he has insufficient personal knowledge of any relevant facts and will not be a witness at the trial of this matter regarding the events that transpired leading up to his seizures and coma. As he does not qualify as a witness, he does not qualify for impeachment by convictions under Rule 609 of the Federal Rules of Evidence, which is the only basis under which the information here sought would have any relevance.

9A. With respect to the plaintiff Mary Gomes, individually and guardian, she has not plead guilty to or been convicted of any crime.

12A.

    a. watching what eats, cooking for him, not letting him go out by himself without adult supervision, doing most of his laundry, take him doctors appointments and to the pharmacy, calming him when he gets emotional, frustrated and angry, buying him clothes, taking him for haircuts, etc.

    b. Richy was always very affectionate, hugging me and remembering me on birthdays and holidays, and he always had a happy disposition, laughing and fun to be around, and I would love watching him play with his nieces and nephews who he loved so much. Now he is a different person, he is absent and not really there with you even when you are in the same room with him, and he no longer has the happy disposition but gets angry and frustrated and yells at me.

    c. Please see my answers above.

13. Please set forth in complete detail the factual basis for the allegation set forth in Paragraph 54 of Plaintiffs' Complaint.

13A. Please see my answer to Interrogatory No. 10 above, the deposition testimony of Taylease Pina and the deposition testimony of Mary Gomes, the medical records of Richard P. Gomes from June 26, 2001 forward, and the failure of the defendant the City of Brockton to provide with its initial mandatory disclosures and documentation of rules, regulations or training materials that, on June 25, 2001, its officers and employees could use, employ and rely upon in addressing the reasonably foreseeable situation of having an insulin dependant diabetic who required insulin injections in police custody.

Signed under the penalties of perjury this 21st day of September, 2005

_____
Mary Gomes

As to objections:

_____
Frederick M. McDermott, III, Esq.
95 West Elm Street
Brockton, MA 02301
Tel. (508) 897-8990
    MA BBO#: 558208

Dated: September 21, 2005

-6-