UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action NO. 04CV11464-MLW

| | |
|---|---|
| MARY GOMES, GUARDIAN OF THE ESTATE OF RICHARD P. GOMES; and MARY GOMES, INDIVIDUALLY, <br>     Plaintiffs <br> vs. <br><br> THE CITY OF BROCKTON; THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS; JESSE DRANE; and ONE OR MORE UNKNOWN NAMED OFFICERS OF THE BROCKTON POLICE DEPARTMENT, <br>     Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

***DEFENDANT, CITY OF BROCKTON'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE PRECLUDE PLAINTIFF FROM INTRODUCING MEDICAL RECORDS AND BILLS FROM LEMUEL SHATTUCK HOSPITAL, MASSACHUSETTS GENERAL HOSPITAL, SPAULDING REHABILITATION HOSPITAL AND THE GREENERY REHABILITATION CENTER***

I.  **BACKGROUND**

Plaintiff alleges that her ward, Richard Gomes, sustained injury while in the custody of the Brockton Police Department on or about June 26, 2001[1]. Presumably, it is Plaintiffs' position that Richard suffered a seizure as a result of hypoglycemia.

The Defendant expects that the evidence will show that prior to the event on June 26, 2001, Richard Gomes had a long history of diabetes mellitus which was difficult to control. He

---

[1] Plaintiff has plead several theories against the City which included violation of 42 USC §1983, violation of the ADA and negligence under c. 258. The gravamen of Plaintiffs' Complaint is that the City was deliberately indifferent to Richard's medical needs and/or was negligent in caring for him while in its custody.

had numerous episodes of hypoglycemia. Additionally, the evidence will show that Mr. Gomes had a history of seizures prior to June 26, 2001. The history reflects that Mr. Gomes was usually seizure free during periods of incarceration. The seizures usually occurred during periods when he was not incarcerated and Richard indicated to health care professionals that his seizures generally coincided with drug use. It is significant to note that, prior to the event at issue, Richard had a history of polysubstance abuse with included cocaine, heroin, "acid", and alcohol. A psychological evaluation conducted in 1996 reported that Mr. Gomes had been to detox approximately six to seven times. (See report of Thomas Deters, Ph.D. dated June 7, 2006 attached as Exhibit "A" and report of Steven Hentoff, M.D. dated May 28, 1996 attached as Exhibit "B".)

With respect to Mr. Gomes pre-injury cognitive and psychological functioning, records indicate that he suffered a traumatic brain injury in 1975 which resulted in a coma. He has long-standing very impaired vision with his right eye which has likely compromised his functional learning ability both prior to and since the time of the accident. A psychological evaluation conducted on May 28, 1996, revealed that Richard had a full scale I.Q. of 67 which placed him in the intellectually deficient range of intellectual functioning. At that time, the examining physician noted that "the probability of gross organic compromise is quite likely." The report went on to state that "his intellectual and cognitive limitations would severely limit his vocational options and his personality dysfunction would interfere with his ability to get along with others in a work setting." Dr. Hentoff, who conducted the psychological evaluation of May 28, 1996, rendered the following diagnoses: polysubstance dependency in early remission,

cognitive disorder NOS, mathematics disorder, anti-social personality disorder, rule out mild mental retardation. (See Exhibit "B".)

Suffice it to say that Richard Gomes had a complex medical and psychological history.[2]

The evidence establishes that Richard injected heroin on the day of his arrest and that he had a seizure while in the custody of the Brockton Police Department. The ambulance report indicates that the ambulance service was called to respond to the Brockton Police Department because Richard Gomes was suffering from a seizure. The ambulance report indicates that Gomes was "actively seizing" upon arrival of the ambulance personnel.[3] (See report of American Medical Response dated June 26, 2001 attached as Exhibit "C".) There are no records in Defendant's possession from the Brockton Hospital absent an Emergency Department report for "Ricardo Gomes" which indicates "the patient came in with altered mental status of unknown etiology." (See Brockton Hospital Emergency Department Report dated June 26, 2001 attached as Exhibit "D".) The report indicates, among other things, "urine toxic screen was positive for opiates, most likely related to heroin use, as well as positive for benzodiazepines, most likely related to iatrogenic use of benzodiazepines for sedation and seizure control." Thus, the cause of the seizure and its ultimate effect on Richard is highly unclear, based upon Richard's quite

---

[2] Richard Gomes' medical history is summarized in the report of Thomas Deters, Ph.D. which is appended hereto as Exhibit "A".

[3] The ambulance report which is appended hereto as Exhibit "C", indicates a patient name of Joseph Gomes and also indicates that the patient used insulin.

complicated medical and psychological history, coupled with the paucity of medical records prepared contemporaneously with the event.

II. **_ARGUMENT_**

The Court should exclude from evidence medical records and bills from Lemuel Shattuck Hospital, Massachusetts General Hospital, Spaulding Rehabilitation Hospital and The Greenery Rehabilitation Center because Plaintiff cannot establish a proximate cause between any act or failure to act by the City of Brockton and the care given to Richard at Lemuel Shattuck Hospital, Massachusetts General Hospital, Spaulding Rehabilitation Hospital or The Greenery Rehabilitation Center. In a claim under 42 USC §1983, proof of causation by expert testimony is required when Plaintiff is complaining about treatment for a sophisticated injury or condition. _Gibson v. Weber_, 433 F.3d. 642, 646 (8th Cir. 2005); _Robinson v. Hager_, 292 F.3d. 560, 564 (8th Cir. 2002). Though a causal connection between an event and an injury may be inferred in cases in which a visible or sudden onset of injury occurs, when the injury is sophisticated one, proof of causation is not within the realm of ordinary understanding and must be established through expert testimony. _Turner v. Iowa Fire Equipment Co._, 229 F.3d. 1202, 1210 (8th Cir. 2000).

The court in _Robinson v. Hager_ held that expert testimony was required to prove causation regarding the deliberate indifference of drug treatment center employees. _Robinson v. Hager_, 292 F.3d. 560, 564 (8th Cir. 2002). The Plaintiff in that case had a long history of hypertension. _Id_ at 561. He was convicted of drug related crimes and required to enter a drug treatment center. _Id_ at 561. The Plaintiff suffered a stroke after not receiving blood pressure medication for approximately one month. _Id_ at 561. The Court stated that when an injury is

sophisticated, proof of causation generally must be established by expert testimony. *Id*. at 564. The Court stated that the stroke was a sophisticated injury that could have been caused by numerous other factors besides lack of medication and therefore expert testimony was needed to prove causation. *Id*. Thus, the lack of expert testimony was fatal to the Plaintiff's claim. *Id*.

The Court in *Gibson v. Weber* also held that expert testimony was required to demonstrate causation. *Gibson v. Weber*, 433 F.3d. 642, 646 (8th Cir. 2005). The Plaintiff was a diabetic prisoner who suffered burns to his feet during a Native American purification ceremony. *Id*. at 642, 643. Approximately one month later prison medical staff noticed signs of infection during a physical. *Id*. at 646. The prisoner was admitted to the hospital the next day, resulting in amputation of his foot. *Id*. The court held that expert testimony was required when the Plaintiff was complaining of a sophisticated injury. *Id*. citing *Robinson v. Hager*, 292 F.3d. 560, 564 (8th Cir. 2002). The Court stated that expert testimony was required to demonstrate that the alleged deficient treatment or delay in treatment of the burn resulted in the amputation and not that diabetes predisposed the Plaintiff to injuries of that nature. *Id*. at 646. The Court held that since the Plaintiff did not provide such evidence, summary judgment in favor of the Defendant was proper. *Id*.

This case requires expert testimony on the issue of causation. Though there is no dispute that Richard suffered a seizure while in the custody of the Brockton Police Department, given Richard's complicated medical history and the paucity of contemporaneous medical records, the etiology of same cannot be divined through a common person's review of medical records. Also, absent expert testimony, it is impossible for the common person to determine whether the

conditions for which Richard received treatment at Lemuel Shattuck Hospital, Massachusetts General Hospital, Spaulding Rehabilitation Hospital and The Greenery Rehabilitation Center were the underlying conditions from which Richard suffered, were the result of an exacerbation or a new injury.

III.  **CONCLUSION**

It is necessary to establish causality through expert testimony because this case involves injury arising out of a complicated medical condition. The Plaintiff has not identified a medical expert and, therefore, medical records and bills from Lemuel Shattuck Hospital, Massachusetts General Hospital, Spaulding Rehabilitation Hospital and The Greenery Rehabilitation Center must be excluded from evidence.

> Respectfully submitted,
> The Defendants
> The City of Brockton,
> By their attorneys,
> WYNN & WYNN, P.C.
>
>   /s/ John A. Walsh
> John A. Walsh     BBO#560072
> 90 New State Highway
> Raynham, MA 02767
> (508) 823-4567

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 26, 2007.

  /s/  John A. Walsh
John A. Walsh