UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action NO. 04CV11464-MLW

| | |
|---|---|
| MARY GOMES, GUARDIAN OF THE ESTATE OF RICHARD P. GOMES; and MARY GOMES, INDIVIDUALLY, Plaintiffs | * * * * |
| v. | * * |
| THE CITY OF BROCKTON; THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS; JESSE DRANE; and ONE OR MORE UNKNOWN NAMED OFFICERS OF THE BROCKTON POLICE DEPARTMENT, Defendants | * * * * * * * |

### *DEFENDANT, CITY OF BROCKTON'S, PRE-TRIAL CONFERENCE MEMORANDUM*

I.   ***DEFENDANT'S CONCISE SUMMARY OF THE EVIDENCE***

Richard Gomes, age 45, is an insulin dependent diabetic with a long-standing history of polysubstance abuse, including heroin and cocaine abuse, dating back to his mid-adolescence. In addition to his substance abuse problem, Richard had a long standing history of insulin dependent diabetes which was diagnosed in 1987. He sustained an injury during a motor vehicle accident in 1975 and, as a result, was unconscious for three days. Additionally, he suffered from a seizure disorder of unknown cause. There was a question as to whether the seizure disorder, which was usually controlled by a medication called Dilantin, was related to epilepsy, substance abuse, or both. He has had many episodes of

hypoglycemia, both before and after the event of June 26, 2001. According to a psychological examination of Richard conducted in 1996, he had a cognitive disorder, associated personality disorder and emotional and intellectual deficiencies.

On June 25, 2001, Richard was arrested by the Brockton Police for shoplifting and providing false identification to the police. He had injected heroin prior to the arrest. Richard provided false information to the arresting/booking officer, giving a name of Joseph Gomes, coupled with a false address and Social Security Number.

Some time after the arrest, Richard's girlfriend, Taylease Pina, brought Richard's insulin kit to the Brockton Police station and gave it to the desk officer, which was accepted, stating that it was for Richard Gomes. Taylease was present at Richard's arrest and knew that he gave the police officer a false name. Shortly thereafter, Richard's mother arrived at the station to bail Richard. At that time, she learned from the police that Richard gave the police an alias of Joseph. She left the station as she was not able to produce appropriate identification to bail Richard.

According to the policies of the Brockton Police Department, if a prisoner requires medical attention, a physician is summoned or, if necessary, the prisoner is conveyed to a hospital. If a prisoner is unconscious, there shall be an immediate attempt to restore consciousness and arrange for immediate medical attention. Toward that end, a physical check of the cell block is made at least every fifteen (15) minutes. This procedure was followed on the date of the incident. The officer in charge checked on Richard at appropriate

intervals. When Richard was found in seizure, an ambulance was called, he was brought to the Brockton Hospital, and received treatment.

There is no evidence that any act or failure to act on behalf of the Brockton Police Department caused any injury to Richard Gomes.

II.   ***STATEMENT OF THE FACTS ESTABLISHED BY PLEADINGS, BY ADMISSIONS OR BY STIPULATIONS.***

Although the Plaintiff and Defendant did have discussions regarding this issue on January 24, 2007, the Defendant does not have definitive information from the Plaintiff in order to complete this portion of the Pre-Trial Memorandum.

III.   ***CONTESTED ISSUE OF FACT***

The Defendant contests that it breached any duties or obligations owed Plaintiff or otherwise infringed upon Plaintiff's constitutional rights. The Defendant also contests that there is any nexus between the alleged breach or infringement and the injuries allegedly sustained by the Plaintiff.

IV.   ***JURISDICTIONAL QUESTIONS***

Not applicable.

V.   ***QUESTIONS RAISED BY PENDING MOTIONS***

A.   The Defendant agrees with the proposition that there is, in theory, respondeat superior liability under the ADA. The Defendant disputes Plaintiff has a valid claim under the Americans with Disabilities Act.

    B.    The Defendant denies that Police Chief William Conlon was the relevant decision maker for purposes of municipal liability. The Defendant has not received Plaintiffs' position on this issue.

VI. ***ISSUES OF LAW***

The Plaintiff has submitted two Motions in Limine; one to exclude expert testimony and the other to exclude evidence of certain medical records and bills.

VII. ***REQUESTED AMENDMENTS TO THE PLEADINGS***

Not applicable.

VIII. ***ADDITIONAL MATTERS TO AID IN DISPOSITION OF THIS MATTER***

Not applicable.

IX. ***PROBABLE LENGTH OF TRIAL***

This is a jury trial which the Defendant expects will last for approximately 4-5 days.

X. ***WITNESSES***

    A.    Richard Gomes - fact witness;

    B.    Mary Gomes - fact witness;

    C.    Joseph Gomes - fact witness;

    D.    Taylease Pina - fact witness;

    E.    Keith Thomas - fact witness;

    F.    William Conlon, Chief - Brockton Police Department - fact witness;

    G.    Officer Kenneth Johnson - fact witness;

    H.    Officer Patrick O'Malley - fact witness;

    I.    Officer Michael Powers - fact witness;

    J.    Officer Scott Landry - fact witness;

    K.    Lt. Cudworth - fact witness;

    L.    Thomas Deters, Ph.D. Dr. Deters will testify in accordance with his report which is attached hereto.

XI.   ***EXHIBIT LIST***

    A.    Brockton Police Department Booking Procedures - agreed;

    B.    Brockton Police Department Uniform Branch Shift Commander Procedures - agreed;

    C.    Brockton Police Department Booking Report - agreed;

    D.    Brockton Police Department Arrest Report - agreed;

    E.    Brockton Police Department Prisoner Log - agreed;

    F.    Medical report of Mary Butterworth dated January 28, 1995 - agreed;

    G.    Psychological evaluation prepared by Steven C. Hentoff, Ph.D. dated May 26, 1996 - agreed;

    H.    Pre-accident medical records from Brockton City Hospital - agreed;

    I.    Pre-accident records from Correctional Medical Services - agreed;

    J.    Pre-accident and post-accident medical records from Caritas Good Samaritan Hospital - agreed;

K.  Post-accident records from Brockton Hospital - agreed;

L.  Ambulance record from American Medical Response dated June 26, 2001 for patient "Joseph" Gomes - agreed;

M.  Emergency Room record from Brockton Hospital dated June 26, 2001 for "Ricardo" Gomes - agreed;

N.  Medical report of Thomas Deters, Ph.D. - unagreed

> Respectfully submitted,
> The Defendants
> The City of Brockton,
> By their attorneys,
> WYNN & WYNN, P.C.
>
> /s/ John A. Walsh
> John A. Walsh     BBO#560072
> 90 New State Highway
> Raynham, MA 02767
> (508) 823-4567

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 26, 2007.

/s/ John A. Walsh
John A. Walsh